[South & North Ala. R. R. Co. v. The State.]

# South & North Ala. R. R. Co. v. The State.

## *Tax Assessment.*

(Decided June 18, 1915.  69 South. 542.)

1. *Taxation; Railroads; Tracks.*—The defendant railroad company having acquired a right-of-way seven miles long, and having constructed tunnels thereon, but laid no rails, returned this property to the county assessor for assessment, but later asked leave to withdraw it from the assessment for want of jurisdiction in the county authorities, which motion was denied it. Held, that the strip of land, although destined for the use of a future railroad track, was not embraced in the statutory description of railroad property which must be returned to the Auditor for assessment and valuation by the state board, under sections 2133 and 2142, Code 1907.

2. *Same; Assessment; Review and Correction.*—The valuation of property assessed by the tax assessor under section 2111, Code 1907, must be taken as prima facie correct in a proceeding for the correction thereof before the county board, as well as on appeal to the circuit court; hence, in a proceeding by a railroad company to correct an assessment for over-valuation, the burden is on the railroad company to establish the fact of over-valuation.

3. *Same.*—The evidence examined and held insufficient to overcome the prima facie presumption of the correctness of the assessment made by the tax assessor.

APPEAL from Blount Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Proceeding between the State of Alabama and the South & North Alabama Railroad Company to correct an assessment. From a judgment for the State, the Railroad Company appeals. Affirmed.

The appellant operated a line of railroad through Blount county, and prior to October 1, 1913, it had acquired a strip of land about 7 miles long and connecting at both ends with its main track for a new right of way; and this right of way was improved by cuts, fills, and tunnels, in preparation for the laying of a track to. be used as a part of appellant's said railroad. Appellant returned this property for valuation and

assessment by the county tax assessor, and itemized it as "218.52 acres acquired for right of way for revised location of South & North Alabama Railroad, as described in the sheet attached," with a suggested valuation of $4,370. The tax assessor corrected this valuation, and assessed the property at $74, 370. In the commissioners' court appellant objected to the proceedings and asked leave to withdraw this item from its original assessment, on the ground of error and want of jurisdiction in the county authorities. The motion being denied, and on the evidence adduced the jury fixed the assessment valuation at $68,400.

WARD & WEAVER, for appellant.

O. A. STEELE, for appellee.

SOMERVILLE, J.—The chief question presented by this appeal is whether a strip of land acquired by a railroad company for a right of way, and made ready for the laying of its track by grading and tunneling. is within that description of property which must by statute be returned to the state auditor for assessment by the state board. If not, then the county assessor had jurisdiction for the purpose of local assessment, and appellant's motions were properly overruled.

(1) Section 2133, Code 1907, provides that the officer of the railroad company shall "make to the state auditor a return in writing of the total length of such railroad, including the right of way, roadbed, side tracks and main track in this state, and specifying the total length in this state, and in each county, city, and incorporated town in this state, and also of the number of locomotive engines, and passenger * * * and other cars of such company, and of the average amount

of merchandise and supplies kept or carried on trains for sale or other disposition. * * * "

Section 2142 provides: "When the board shall have completed the assessment of the property of any railroad company, the state auditor shall notify the tax assessor of each county, through which such railroad runs, of the *number of miles of track* in his county, and the value thereof, and the proportionate value of the other property of such company assessed by the state board of assessment, and taxable in his county, which he must enter in the book of assessment. * * * "

This court has several times given extended consideration to the purpose and effect of these statutes.— *State Auditor v. Jackson County*, 65 Ala. 142; *State v. Board of Revenue, etc.*, 73 Ala. 65; *N. & D. R. R. Co. v. State*, 129 Ala. 142, 39 South. 619. In the original act of 1868 (Code 1896, § 380), which has come down to the present Code without substantial change: "The Legislature declared a new and distinct system for the assessment and taxation of that part of railroad property which was *continuous and common to the whole line.* This embraced the roadbed, superstructure, and rolling stock. * * * County assessors, it was supposed, could not, with propriety and just uniformity, ascertain the whole value of the roadbed, superstructure, and rolling stock belonging to the whole line, and thus apportion such values between the several counties. * * * The Legislature chose a wiser and simpler course. * * * They required that the whole value of the roadbed and superstructure within the state of Alabama should be ascertained, and that the same should be apportioned among the several counties traversed by the road, in the proportion which the number of miles of the road's length in each particular coun-

ty bore to the whole length of the line in the state." —*State v. Board of Revenue, etc.,* 73 Ala. 65.

Unquestionably, the property described by the statute, and which is "continuous and common to the whole line," is the railroad itself; and by statutory definition this must include the railroad track, the roadbed upon which it is laid, and the right of way appurtenant thereto. It is highly significant that section 2142, quoted supra, requires the auditor to report to the county assessor "the number of miles of track in his county, and the value thereof." And the assessment made by the state board means: "The ascertainment and determination of the number of miles and value of the main track and of the side track, and the description and valuation of the rolling stock."—*State Auditor v. Jackson County,* 65 Ala. 142, 163.

We think it quite clear, therefore, that the strip of land in question, though destined for the use of a future railroad track and though improved, and even ready for the laying of such a track, is not embraced in the statutory description of railroad property which must be returned to the auditor for assessment and valuation by the state board. It results that appellant's motion to strike or withdraw it from the local county assessment was properly denied.—Code, § 2145.

(2) The valuation of property assessed by the tax assessor under section 2111 of the Code must be taken as prima facie correct in a proceeding for correction before the county board, and also on appeal in the circuit court.—*Sullivan v. State,* 110 Ala. 95, 58, 20 South. 452; *Birmingham B. & L. Ass'n v. State,* 120 Ala. 403, 25 South. 52. Hence the trial judge properly instructed the jury that the burden of proof was upon the railroad to reasonably convince the jury that the assessor had overvalued the property.

[South & North Ala. R. R. Co. v. The State.]

(3) The railroad company offered only one witness for this purpose, who testified that he had never paid any particular attention to this land, and that for ordinary use the land was not worth more than $10 per acre. In view of the evidence showing valuable construction work on the land, this testimony was not sufficient to overcome the probative effect of the assessor's valuation, since it had no tendency to show that the property was not worth that much for any purpose for which it was adapted or adaptable. This being so, and the jury's valuation being less that the assessor's, the assignments of error based on rulings as to the competency of two of the state's witnesses on value might well be disregarded

However, in view of the liberal rule of qualification for value witnesses (*Adler v. Pruitt,* 169 Ala. 213, 229; 53 South. 315, 32 L. R. A. [N. S.] 889), and the liberal discretion vested in the trial judge in the determination of a witness' experiential qualifications (*Ala. Con. C. & I. Co. v. Heald,* 168 Ala. 626, 53 South. 162), we would be unwilling to impute error to his rulings in this regard. There being no prejudicial error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.