## State v. Western Union Telegraph Co.

### Taxation Proceedings.

(Decided April 20, 1916. Rehearing denied June 1, 1916. 72 South. 99.)

1. **Taxation; Statutes; Construction; Telegraph Company.**—Construing §§ 2143, 2144 and 2145, Code 1907, it is held that a telegraph company must return to the auditor all properties of all kinds, including its office fixtures, etc.; the doctrine of ejusdem generis not limiting the property returnable to the poles, batteries, etc., as used in the business.

2. **Statutes; Construction; Ejusdem Generis.**—The maxim "Ejusdem Generis" by which general words following the enumeration of a particular class of persons or things will be construed as applicable only to persons or things of the same general nature or class as those enumerated, is only an illustration of th broader maxim, "Noscitur a Sociis," and, where applicable, does not require that the general terms be entirely rejected, and where it can be ascertained that the particular word by which the general word is followed was inserted for a distinct object, and not to give color to the general word, it becomes a rule of intention.

3. **Same; Noscitur a Sociis.**—The maxim "Noscitur a Sociis" means that general and specific words which are capable of an analogous meaning, being associated together, take color from each other, so that the general words are restricted to a sense analogous to that of the less general.

4. **Same; Giving Effect to Every Part.**—If possible, every part of a statute should be upheld and given appropriate force.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Proceeding by the State of Alabama against the Western Union Telegraph Company. Judgment for respondent, and the State appeals. Affirmed. Transferred from the Court of Appeals under Acts April 18, 1911 (Acts 1911, p. 450) § 6.

[State v. Western Union Telegraph Co.]

The back tax commissioner of Calhoun county sought to assess for the tax year beginning October 1, 1913, as escapes, certain property of the company located at its office in Anniston, Calhoun county, consisting of an iron safe, stove, and other office fixtures, in the sum of $500. The company interposed certain pleas, which appear from the opinion.

WILLIAM L. MARTIN, Attorney General, and LAWRENCE E. BROWN, Assistant Attorney General, for the State. RUSHTON, WILLIAMS & CRENSHAW, for appellee.

THOMAS, J.—The question presented for decision is the authority of the state to require the Western Union Telegraph Company to assess in Calhoun county the property in question, consisting of certain office fixtures.

(1) Defendant's pleas aver that the property on which the assessment was made was, on October 1st, and at all times during the tax year, connected with the business of the defendant as a commercial telegraph company operating in the several counties of the state of Alabama, and in the county of Calhoun where the local assessment was sought to be made; that during the tax year for which said assessment was made on said properties, section 2143 of the Code of 1907 required that return by the defendant be made to the state auditor for assessment by the state board of assessment of Alabama, and that return was duly made by defendant as required by this statute; and that the tax commissioner of the county was without jurisdiction to make said assessment. The demurrer raised the question that neither plea presented a valid reason for vacating or annulling the assessment made by the tax assessor or the tax commissioner of Calhoun county.

The statute provided that every telegraph or long-distance telephone company, whose lines or any part thereof is located within the state, must make annually "a return of the number of miles of telegraph or telephone wire in the state belonging to such company, and the number of poles, batteries, instruments, *and articles of all kinds, in the state, connected with its business,* specifying the several counties in which such property is situated and the items of property situated in each of such counties, and if any such company, its officers, or agents, fail to make such return within the time specified, the state auditor must ascertain

such items of property and values from the best information he can obtain."—Code 1907, § 2143.

Section 2144 requires the state auditor to lay before the state board of assessment such returns, or to report to the board the items of property and values of the company, failing to make returns, as ascertained by him; and thereupon the state board of assessment must examine such returns and reports, determine the valuation of such property, and assess the same for taxation, as prescribed by statute, and may add to the assessment against any telegraph or long distance telephone company failing to make return within the required time a penalty not exceeding 50 per cent. thereon; and the state auditor must thereupon give to the tax assessors of the several counties in which such property is situated, and to the superintendent or managing agent of such company in this state, the same notification touching such assessment as required by the statutes, and thereupon: "Such assessors must act in reference to such assessment, and to assessment of any other property of such company taxable in their counties, as they are directed to act in cases of assessment against railroad companies by the state board of assessment."

Section 2145 requires that all property belonging to such companies "which is not required by the provisions of this article to be returned to the state auditor, must be returned to the tax assessor of the county in which it is taxable, and by him assessed as other property in the county is returned and assessed."

The statute is plain and unambiguous in its enumeration of the properties that must be returned to the state auditor: (1) The number of miles of telegraph or telephone wire in the state belonging to such company; (2) the number of poles; (3) the number of batteries; (4) the number of instruments; and (5) articles of all kinds, in the state, connected with its business of telephone or telegraph, as the case may be.

(2-4) The state insists that the words, "articles of all kinds in the state, connected with its business," used in section 2143 of the Code, should be construed to refer to and include *only* such articles as poles, batteries, and instruments, under the doctrine of ejusdem generis. This maxim of "ejusdem generis," as that where general words follow the enumeration of a particular class of persons or things the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated, has no application to the statute under

[State v. Western Union Telegraph Co.]

construction. For the maxim is only an illustration of the broader maxim "noscitur a sociis," as that general specific words which are capable of an analogous meaning, being associated together, take color from each other; so that the general words are restricted to a sense analogous to that of the less general.— Endlich on Interp. Stat. § 400; Broom's Max. 588; 1 Vent. 225. It has never been supposed that, where this rule has application, it is required that the general terms be entirely rejected (*Jenkins v. Thomas,* 4 Term Rep. 666; *State v. Williams,* 2 Strob. Law [S. C.] 474); but that every part of a statute should, if possible, be upheld and given appropriate force (Cooley, Const. Lim. [7th Ed.] p. 91; 2 Lewis' Sutherland Stat. Const. § 380; *State, ex rel. v. Lane,* 181 Ala. 655, 62 South. 31). So it has been declared that when it can be seen that the particular word by which the general word is followed was inserted, not to give coloring to the general word, but for a distinct object, and when, to carry out the purpose of the statute, the general word ought to govern, it is a mistake to allow the ejusdem generis rule to pervert the construction.—*State v. Broderick,* 7 Mo. App. 19. It is then a rule of intention, and where the circumstances show that a reliance upon the rule would defeat rather than effectuate the intention, it must be rejected.—*Williams v. Williams,* 18 Tenn. (10 Yerg.) 20.

In *N. & D. R. Co. v. State,* 129 Ala. 142, 30 South. 619, section 2145 was construed as to assessments of properties belonging to railroads, and the court pertinently remarked: "There is also a provision that 'all property, real or personal,' belonging to a railroad 'which is not required to be returned to the auditor' must be returned to the tax assessor of the county in which it is taxable, and by him assessed as the property of like kind of private citizens of his county. It thus appears, from the very words of the statute and by repeated provisions therein, that the jurisdiction of the state board of assessment to assess any items of railroad property is entirely dependent upon the fact whether, under the law, such items 'are required to be returned to the auditor.' It is of no consequence how indispensable the property may be to the operation of the road, or what its character is. If the railroad is not 'required to return it to the auditor,' the state board is wholly without jurisdiction to assess it, and it must be assessed by the county tax assessor. This is the deliberate and carefully repeated provision of the statute, and the courts have

no power to enlarge or diminish the jurisdiction of the state board, by construction or amendment based upon the supposed incongruity of requiring the right of way to be returned to one tribunal and other property to another."

The statute as to the return to be made by railroad companies to the auditor (section 2133 of the Code) is quite different from section 2143, requiring the return by telegraph and long distance telephone companies, and the decision in the *Nashville & Decatur Railroad Company Case* is not a construction of the statute before us. Construing article 6 in its entirety, we are clear that the legislative intent was to require that return be made to the auditor, by telegraph and telephone companies, of the properties of all kinds connected with the conduct of their business, and that assessment thereof be made by the state board of assessment. —Code 1907, pp. 878, 882.

The restricted construction placed on the statute before the court in *Greenville Ice & Coal Co. v. City of Greenville*, 69 Miss. 86, 10 South. 574, was proper, in dealing with exemptions from taxation, and the purpose for which the statute was enacted. The court said: "We nowhere find in the act any words or provisions indicative of a clear legislative purpose to extend the exemption further than the specifically enumerated cases and others of like character."

In that case a strict construction of the statute was required. In the case of *Alabama v. Montague*, 117 U. S. 602, 6 Sup. Ct. 911, 29 L. Ed. 1000, the Supreme Court had under consideration a mortgage to secure railroad bonds, and interpreted the words "all other property," as there used. The mortgage after specifically describing certain properties, proceeded: "Also the telegraph line and telegraph offices along the line of said road belonging to said company; also the machine shops and all other property in said states of Alabama, Georgia, Tennessee, and Mississippi belonging to said company."

The court held that the words "all other property" covered everything connected with the telegraph offices and machine shops, and were specially limited to that part of the instrument in which they appeared. The court said (117 U. S. at page 609, 6 Sup. Ct. at page 913, 29 L. Ed. 1003): "These words, which are found neither in the beginning of the granting clause as a general phrase to be afterwards emphasized by a more minute description, nor at the end, as a summary of what had preceded

them, have their appropriate use in the precise place where they are found.  We say they are there appropriate because, in conveying the telegraph offices, the machine shops, the coal mines, the iron mines, and the manufacturing establishments, there might in them be found much property belonging to the company about which a doubt would arise whether it was a part of these offices, mines, machine shops, and manufacturing establishments.  All such doubt or ambiguity is removed by declaring that all the property of the grantors in these places, or used in any of these pursuits, is conveyed.  For this purpose the phrase 'all other property' is apt, and is used in the right place in a description designedly minute and elaborate.  It is among its kind, ejusdem generis, and its purpose is answered when its use is limited to explain the other words in this immediate connection."

In the present case the words of the statute, "and articles of all kinds," must be read in connection with the succeeding words, "connected with its business."  The "articles of all kinds" are limited to those "connected with its business," and thereby all doubt and ambiguity is removed.

The expression in *Cloverdale Homes v. Town of Cloverdale,* 182 Ala. 431, 62 South. 712, 47 L. R. A. (N. S.) 607, cited by appellant, was but the general statement of the rule in Endlich on Interpretation of Statutes, p. 151, § 113, to the effect that general words and phrases however wide and comprehensive in their liberal sense, must be construed as strictly limited to the immediate objects of the act, and not as altering the general principles of the law; i. e., they are to be construed as near the use and reason of the prior law as may be, without violation of their obvious meaning.  The principle of statutory construction applied in the *Cloverdale Homes Case* was that with reference to a statute that changed the then existing law, and it has no application to the statute now under construction.

When the statute in question was framed, the Legislature knew how the business of telegraph and long-distance telephone companies was conducted, and the statute enumerated the several instruments used in the transmission of messages.  There were of necessity other properties of such companies, such as office fixtures and furniture, which were not specifically enumerated in the statute, but were of necessary and general use in the business of transmitting and receiving messages, and which were

[Thrasher, et al. v. Neeley.]

intended to be embraced in the expression, "articles of all kinds, in the state, connected with its business," specifying the items of property to be returned to the state auditor under section 2143, and assessed by the state board of assessment.

No error appearing in the ruling of the trial court on the demurrer, the cause is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.