[No. 3921.]

SCHOOL DISTRICT No. 16, ADAMS COUNTY, v. UNION HIGH SCHOOL DISTRICT No. 1, ADAMS COUNTY.

1. SCHOOL DISTRICTS—*Legislative Control.* School districts, being public agencies, they and their directors are subject to legislative control, save as the legislative power may be limited by the constitution.

2. HIGH SCHOOLS—*Pupils from Another District—Liability of District of Pupil's Residence.* The requirement of the last proviso in sec. 6 of the act of April 23, 1909 (Laws 1909, c. 202), that the tuition fees of a pupil residing in one district, attending high school in another, shall be paid by the district of his residence, is not in violation of the provision for uniformity in sec. 2 of art. IX of the constitution.

3. CONSTITUTIONAL LAW—*Title of Statute.* The title of the act of April 23, 1909 (Laws 1909, c. 202), contains but one subject, and its incidents, and is not a violation of sec. 21 of art. V of the constitution.

4. DISTRICT COURT—*Jurisdiction.* Sections 6000, 6006, of the Revised Statutes do not confer exclusive jurisdiction upon school district boards, or the superintendent of education, to decide all controversies to which a school district may be party. Under Rev. Stat., sec. 6007, wherever a money judgment is demanded resort must be had to the courts, and the district court may entertain the action.

5. PLEADING—*Defects of Form.* In an action by one school district against another under the last proviso to c. 202, Laws 1909, the complaint should aver that the sum demanded was a necessary charge, or facts from which this conclusion may be drawn, should give the name of the pupil, and state that he possessed the necessary qualifications. Failure in this respect is one of mere form, and being assailable by motion will not be deemed fatal on appeal.

6. APPEALS—*Harmless Error.* Formal defects in the complaint which might be remedied by motion in the court below will not be held fatal on appeal where it does not appear that the defect could have prejudiced the defendant.

*Error to Adams District Court.* HON. CHARLES McCALL, Judge.

Mr. CLAY B. WHITFORD, Mr. HENRY E. MAY for plaintiff in error.

Mr. B. C. HILLIARD, Mr. J. R. ALLPHIN for defendant in error.

KING, J., delivered the opinion of the court.

This is a suit brought October 10, 1910, by the defendant in error, hereinafter called the plaintiff, to recover from the defendant school district a sum of money charged to it by plaintiff as tuition fees for certain pupils,

residents of the defendant school district, who had attended the high school of the plaintiff. The complaint alleged that the plaintiff and the defendant were bodies corporate, in and for the county of Adams; that the plaintiff was conducting a high school, and during all the times mentioned exacted and charged as tuition fees for the admission of pupils from districts outside the boundaries òf plaintiff, the sum of $2.50 per month for each pupil so attending; that certain pupils residing in Adams county, but outside the boundaries of plaintiff, and within the boundaries of the defendant district, had attended the high school of plaintiff; that for such attendance the plaintiff had demanded from defendant district, payment at the rate of $2.50 per month for each pupil; that payment had been refused. To this complaint a general demurrer was filed, overruled, and judgment rendered for the plaintiff.

The defendant contends (1) that the statute upon which defendant's liability is predicated is unconstitutional; (2) that the district court had not jurisdiction to determine the controversy; (3) that the complaint did not state facts sufficient to constitute a cause of action.

## I.

The statute involved is subdivision fifteenth of section 6655, Mills' Ann. Stats. 1912, Sess. Laws 1909, p. 489, the particular portion necessary for consideration being as follows:

''Provided, further, that whenever any pupil outside a high school district desires to attend a high school within the county where such pupil resides, and such pupil shall possess the necessary qualifications for admittance thereto, the necessary tuition fees charged for the attendance of such pupil by said high school shall be paid by

the school district in which such pupil resides not exceeding $2.50 per month.''

This subdivision, in its amended form as quoted, was approved April 23, 1909.  It is first asserted that this subdivision and this proviso violates section 2 of article IX of the constitution, which reads:

''The general assembly shall, as soon as practicable, provide for the establishment and maintenance of a thorough and uniform system of free public schools throughout the state, wherein all residents of the state, between the ages of six and twenty-one years, may be educated gratuitously.  One or more public schools shall be maintained in each school district within the state,'' etc.

Under this provision of the constitution, it is contended that no charge for tuition, whether made directly or indirectly, is permissible, and that the charge of tuition to the school district is an indirect charge upon the pupil or his parents, and so within the inhibition of the constitution.  We think this contention is without merit. The constitutional provision was adopted in 1876.  The general assembly of 1877 passed an act to carry into effect such provisions of the constitution, which act has from time to time been amended to keep pace with progressive thought in educational matters and to furnish the high standard of scholarship now required to be provided for by public schools.  A public school is defined as a school that derives its support entirely or in part from moneys raised by general state, county or district tax.—G. L. '77, section 2521; sec. 6776, Mills' Ann. Stats.; sec. 6008, Rev. Stats. 1908.  A free public school, within the contemplation of the constitution, is one to which any resident of the state, between the ages of six and twenty-one years, shall be admitted, and there be educated gratuitously, that is to say, at public expense, or from the public funds provided for that purpose.  By such constitutional provision the school district is made the educa-

tional unit, or smallest state agency, for the accomplishment of its purpose; and, by section 15 of article IX, the control of instruction in the public schools of such district is vested in a board of education to consist of three or more directors. It is possible that the letter of the constitution is complied with when a public school, providing for an elementary or common school education, is maintained for all pupils within the territorial limit of the school district; but under the provisions of the statute which permit the maintenance at public expense of free public high schools, and in view of the fact that such high schools are maintained and established in some districts, and not in others, the constitutional mandate as to *uniformity* is violated in spirit, if not in letter, if some provision be not made by statute whereby pupils possessing the necessary qualifications, but residing in the less favored school districts, are denied the privilege of high school education at public expense. To insure such uniformity and equality of privilege, the statute under consideration provides that a pupil, residing in a district which does not maintain a high school, may attend the high school of any other district; and while such pupil, for the purpose of distribution of the public school funds, must be enumerated in the district in which he resides, a portion of the funds which, upon such enumeration or otherwise, has been raised in his district for the purpose of educating him, shall be by the district board paid to the high school district which in fact furnishes such education; the amount to be so paid being limited to that necessary to pay such tuition, and in any event so as not to exceed $2.50 per month. Being public agencies, these districts and their boards of directors are subject to such provisions as the general assembly may make when not prohibited by the constitution. It appears that the legislative provision under consideration was enacted for the purpose and has the effect of producing uniformity in

the system of free public schools, and equality of privilege. We fail to see that it contravenes any provision of the constitution.

It is also urged that the bill approved April 23, 1909, violates section 21 of article V of the constitution, in that the subject matter contained in the proviso quoted was not clearly expressed in the title of said act, and that the bill contained more than one subject. The title of the bill is as follows:

"An act to amend subdivision fifteen of section five thousand nine hundred and twenty-five of the Revised Statutes of Colorado for the year 1908, the same being a part of section sixty of chapter one hundred and twenty-four, in relation to schools."

The title of the act mentions but one subject, and that is the amendment of subdivision fifteen of the section named. The subject of that subdivision, before amendment, was the right of a pupil resident in one district to attend school in another district. No other subject is contained in the subdivision as amended. It is true that additional and different conditions under which a pupil may attend school in another district are contained in the subdivision as amended, including the payment of tuition by the district from which he comes, and that high school districts are specifically mentioned; but the subject matter of the original subdivision is not changed, and only one subject is contained in the bill. The details are but incidental to that subject. A similar provision, differing only in details, was contained in the act of 1877, copied almost literally from the territorial act of 1861.

## II.

It is also urged that the district court was without jurisdiction to try the issues made by the complaint. That contention is based upon the school law which pro-

vides that ''any person aggrieved by any decision or order of the district board of directors, in matter of law or fact,'' may appeal therefrom to the county superintendent of the proper county, and from the decision of the county superintendent to the state board of education.— Sections 6768 and 6774, Mills' Ann. Stats. 1912; secs. 6000 and 6006, Rev. Stats. 1908. These sections do not confer upon boards or superintendents *exclusive* jurisdiction to decide *all* controversies between district boards of directors and other persons, natural or corporate, who may be aggrieved by the decision of the district board, although they may, and, we think, do, impliedly confer such jurisdiction over certain classes of cases pertaining to educational matters. This action relates to a statutory liability, of a *quasi* contractual nature, in which the only effectual remedy to the plaintiff must be, and is, in some tribunal having power to render and enforce a money judgment.—*School Dist. v. Hale,* 15 Colo., 367, 25 Pac., 308. Section 6775, Mills' Ann. Stats. (sec. 6007, Rev. Stats. 1908), denies that power to the county superintendents and the state board of education.

### III.

The contention is made by plaintiff in error that the complaint does not state facts sufficient to constitute a cause of action because it does not allege that the $2.50 per month charged for attendance of each pupil was the ''necessary tuition fee,'' and did not allege that the pupils admitted to the high school possessed ''the necessary qualifications for admittance thereto.'' What constitutes a necessary tuition fee is not defined by the statute; that is a matter to be determined by the trial court when properly presented. An amendment made in 1913 seems to contain an interpretation of that statute, in the proviso, that no high school shall be required to admit pupils

from another district at a less charge per month than the average cost per pupil for the previous year for that high school; but that is not the only interpretation of which the language before us is susceptible. We think the complaint should have stated that the charge exacted, which was the maximum under the statute, was a necessary charge, or facts from which said conclusion might be drawn, and also that it should have alleged that the pupils admitted possessed the necessary qualifications, and should have stated the names of the pupils for whose attendance the charge was made. Those are omissions which could readily have been remedied by motion to make more specific, and matters that might have been set up as a defense. The objection is highly technical; it does not appear that the defendant has been or could be prejudiced by the failure of the complaint to make these allegations, and we are not disposed to hold the complaint fatally insufficient, although it is informal and faulty to a degree that ought not to pass without some criticism.

Perceiving no substantial error, the judgment is affirmed.

*Affirmed.*