[No. 8253.]

### BELIER V. WILSON, COUNTY TREASURER.

1. CONSTITUTIONAL LAW—*High School Taxes.* A statute authorizing the levy upon all the properties within the county of a tax for the support of a high school organized in the school district, including the county seat (Laws 1909, c. 170, sec. 16), is opposed both to the letter and spirit of sec. 15 of art. IX of the Constitution.

2. TAX LAWS—*Strict Construction.* Laws authorizing a tax are to be strictly construed. The exaction of money from those who have no voice in determining how it shall be expended is not to be tolerated. Teller, J.

*Error to Otero District Court.* HON. J. E. RIZER, Judge.

Messrs. GLENN & GOBIN, for plaintiff in error.

· Mr. G. M. DAMERON, Mr. J. C. GUNTER, and Mr. JOHN W. SLEEPER, for defendant in error.

The question involved is the validity of taxes for the years 1912 and 1913, levied for a high school located at La Junta, in district number 11, Otero County. The trial court held the taxes valid. The facts are that the property of plaintiff in error, upon which the taxes were levied, is located in district 9, in Otero County, and that the high school in question was organized in 1895, under section 5956, R. S. 1908, adopted in 1889, which provides:

"Whenever the school boards of two (2) or more contiguous school districts shall each deem it advisable to establish a union high school, the county superintendent shall, at the request of two (2) of the secretaries of the boards, call a meeting of the boards interested, by giving personal notice to each member, which meeting shall elect by ballot from among the members of said boards, if a majority of the members of each board are present, a committee of three (3), to be known as the high school committee of such union school.  *  *  *  In any case in which the county seat of any county shall be all included in one school district, the board of such school district shall have the same powers of establishing and organizing a high school as are hereby given to the boards of two or more contiguous school districts, and in such case the high school committee shall be the board of such school district, or such three members as they may select.  High schools formed under the provisions of this section shall be open to all children from all districts of the county in which they are so formed, provided such children are qualified as hereinafter provided."

In 1909 the General Assembly passed an act entitled, "An act to provide for the creation of high school districts in counties of the second, third, fourth and fifth classes. and to provide for the establishment and support of high schools therein, by levying taxes and creating a bonded indebtedness."  By section 15 of the act it was provided: "Each high school district heretofore formed, or that may be formed, as provided in this act, shall exercise all the powers, and perform all the duties that are at the time of the adoption of this act accorded to, and required of directors of first and second class districts throughout the state; provided, that the amount of tax certified to the county commissioners for the maintenance of the high school in any high school district, shall in no case exceed four mills on the dollar of the assessed valuation of the high school district."  By section 16 it was provided:  "The county commissioners

of any county wherein is a high school district heretofore organized according to law, or where any high school district is organized under the provisions of this act, or heretofore organized as a union high school at any county seat under section 5956, of the Revised Statutes of Colorado of 1908, shall levy annually at the time of levying taxes for other purposes, a high school tax on all the taxable property of the county, said tax not to exceed four mills on the dollar of the assessed valuation. The high school tax shall be assessed and collected in the same manner as other taxes are assessed and collected, and shall be paid out by the County Treasurer on warrant drawn by the President and Secretary of the high school committee and countersigned by the treasurer thereof," Session Laws, 1909, page 397 *et seq.*

La Junta is the county seat of Otero County, and the high school there organized embraces only district number 11. District 9 is not included in any high school district.

CHIEF JUSTICE GABBERT delivered the opinion of the court:

The authority for levying the tax upon the property of plaintiff in error in district 9, is based upon the provisions of section 16, above quoted, which authorizes the county commissioners to levy a tax upon property in district 9, for the support of a school in district 11, without giving the electors of the former district any voice in the selection of those who manage and control the school at La Junta. This violates, both in letter and in spirit, article IX, section 15 of our state constitution, which is as follows:

"The general assembly shall, by law, provide for organization of school districts of convenient size, in each of which shall be established a board of education, to consist of three or more directors to be elected by the qualified electors of the district. Said directors shall have control of instruction in the public schools of their respective districts."

The judgment of the District Court is reversed and the

cause remanded for further proceedings in harmony with this opinion.

*Judgment reversed.*

Decision en banc.

Mr. Justice White not participating.

Mr. Justice Teller concurs specially.

I concur in the reversal of the judgment solely on the ground that when section 16 of chapter 170 of the Laws of 1909 is given the construction to which it is entitled, there is no authority for the levy of the tax in question.

Tax laws are, under all the authorities, to be strictly construed, and that rule ought certainly to be applied in a case like this to prevent a violation of one of the fundamental principles of our institutions,—the taking of money from tax-payers who are allowed no voice in determining how it shall be expended.

It is only by a liberal construction of this law, that the High School at La Junta can be regarded as a "Union High School," such as the law contemplates. That being so the judgment is erroneous.

Decided March 1, A. D. 1915. Rehearing denied April 5, A. D. 1915.