[No. 8376.]

## SCHOOL DISTRICT No. 16 IN ADAMS COUNTY V. UNION HIGH SCHOOL No. 1 IN ADAMS COUNTY.

CONSTITUTIONAL LAW—*Particular Statutes.* Sec. 15 of art. IX of the Constitution vests in the directors of every school district control of the instruction of the youth of that district, in the public schools. (293.)

The provisions of subdivision 15 of sec. 5925 of the Revised Statutes, as amended by c. 202 of the Acts of 1909, for the admission of a child of one district to the high school of another, at the cost of the first, is at war with this provision of the Constitution. (293.)

*Error to the Court of Appeals.*

Mr. CLAY B. WHITFORD, Mr. HENRY E. MAY, for plaintiff in error.

Messrs. HILLIARD, LILYARD & FINNICUM, Mr. J. R. ALLPHIN, for defendant in error.

WHITE, J., delivered the opinion of the court.

Union High School No. 1, in the County of Adams, recovered judgment against School District No. 16 in said County in a designated sum for tuition fees of three pupils, residents of the latter district, who attended the high school of the former under the provisions of sub-division 15 of §5925 Rev. Stat. 1908, as amended by the Act of 1909, Sess. Laws, p. 488. The particular portion of the section involved in this controversy is as follows: "Provided, further, that whenever any pupil outside a high school district desires to attend a high school within the county where such pupil resides, and such pupil shall possess the necessary qualifications for admittance thereto, the necessary tuition fees charged for the attendance of such pupil by said high school shall be paid by the school district in which such pupil resides, not exceeding $2.50 per month." The case is here on error to the Court of Appeals, where the judgment of the lower court was affirmed. *School District No. 16, Adams*

*County v. Union High School District No. 1, Adams County,*
25 Colo. App. 510, 139 Pac. 1039.   Plaintiff in error, de-
fendant in the trial court, contended in the Court of Appeals,
and here claims, that the legislation involved is unconstitu-
tional for the reason that it violates the provisions of §§2
and 15 of Art. IX, and §21 of Art. V of the Constitution.
Without expressing either approval or disapproval of the
conclusions of the Court of Appeals, as to the effect upon
the statute of some of the objections urged, we think the
law is invalid when tested by the provisions of §15 of Art.
IX of our organic law.   The section is as follows:  "The
general assembly shall, by law, provide for organization of
school districts of convenient size, in each of which shall
be established a board of education, to consist of three or
more directors to be elected by the qualified electors of the
district.   Said directors shall have control of instruction in
the public schools of their respective districts."   Here is a
constitutional mandate that instruction in the public schools
of every school district shall be under the control of the di-
rectors thereof.   Nevertheless, the general assembly, by this
attempted legislation, seeks to divest the directors of dis-
tricts, wherein there is no high school, of control of instruc-
tion therein, beyond a certain attainment, and invest such
control in the pupils residing therein or in the board of
directors of an adjoining district.   The legislature, in pro-
viding for the education of the pupils of a given district in
the schools of another district, and imposing the cost thereof
upon the former, clearly interfered with the control of in-
struction in such district.   No discretion is left in the board
of directors of the district wherein there is no high school
as to the character of high school instruction the pupils
thereof shall receive at the cost of the district.   There can
be no difference in principle between what is attempted by
the legislation in question, and an effort of the general as-
sembly to cause schools to be established and maintained,
in whole or in part, at the cost of particular districts, and

invest the management thereof in boards of directors of other districts. In *Belier v. Wilson,* 59 Colo. 96, 147 Pac. 355, we held that legislation attempting the latter was inhibited by the constitutional provision here involved. In either case, the money raised in one district by taxation of the property therein, is, without the consent of the board of directors thereof, expended for instruction in another district over which the board of directors of the former district have no control. An entirely different question, unnecessary of solution at the present time, would be presented, had the legislature left in the board of directors of districts wherein there was no high school, the discretion of sending pupils thereof, having the proper attainments, to high schools in other districts at the expense of the former upon such terms and conditions as the two districts, through their proper officers, might determine. The question here involved was, in principle, determined in *Belier v. Wilson, supra,* and it is upon this fact alone that Mr. Justice Teller concurs herein. The judgment of the Court of Appeals, and that of the District Court, are reversed, and the cause remanded to the latter court for further proceedings in harmony with the views herein stated.

                        *Judgment reversed.*

Decision *En Banc.*