No. 12,215.

Hotchkiss v. Montrose County High School District.

Decided December 24, 1928.

Messrs. Fairlamb & Fairlamb, for plaintiff in error.

Messrs. Bryant & Bell, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

The plaintiff Hotchkiss, a minor fourteen years of age, who resides in the Montrose County High School District, by her father as her natural guardian, brought this action against the district of her residence to recover the sum of $7.35 which she alleges that she paid as a tuition fee to the Ouray County High School where she attended as a pupil. There is no allegation in the complaint that the defendant Montrose County District assented to, or had any voice in, the selection by the plaintiff of a district school which she chose to attend. The action is avowedly based upon a state statute which is found in

Session Laws of 1927, chapter 156, page 635, which purports to cover the case as made in this complaint, and authorizes and justifies the conduct of the plaintiff. At least, we shall assume that the statute, if the same is valid, was complied with by her. If this statute is a valid enactment, plaintiff is entitled to a recovery; if it is invalid, she is not, and the judgment of the district court so holding is right.

Counsel for plaintiff in error vigorously argue that the statute is not only a wise, but a constitutional, enactment. If this were a case of first impression, we would examine with care authorities cited from other jurisdictions under similar statutes which, it is said, hold that a recovery thereunder may be had. This, however, is not a case of first impression in this jurisdiction. In *School District v. High School District*, 25 Colo. App. 510, 139 Pac. 1039, our Court of Appeals had occasion to pass upon a similar statute found in the Session Laws of 1909, page 489, which provides, in effect, that whenever any pupil outside of a high school district desires to attend a high school within the county where the pupil resides, the necessary tuition fees charged for the attendance of such a pupil by the high school thereof shall be paid by the school district in which the pupil resides. Our Court of Appeals held in a case arising under this statute that the same was not in violation of the provision of uniformity in section 2 of article IX of the Constitution. But upon error sued out in our Supreme Court to this decision, we held, in *School District v. High School District*, 60 Colo. 292, 152 Pac. 1149, that this 1909 statute is at war with section 15 of article IX of the Constitution, which provides for the organization of school districts of convenient size in each of which shall be established a board of education, the directors of which shall have control of its instruction in the public schools in their respective districts. In *Belier v. Wilson*, 59 Colo. 96, 147 Pac. 355, in an opinion by Mr. Justice Gabbert, it was held that a statute authorizing a levy on all the properties within the county of a

'tax for the support of a high school organized in the school district which included the county seat, is opposed both to the letter and spirit of section 15 of article IX of the Constitution. In speaking of this Belier decision we said, in *School District v. High School District, supra,* that the question involved in the Belier case was the same as that in the case then under consideration. It is upon these decisions that the district court based its judgment, holding the 1927 act unconstitutional. We think the judgment of the district court herein is right. We are unable to distinguish between the doctrine applicable here and that enunciated in our former opinions and the construction therein given to statutes which purport to confer upon one school district the power to control or utilize the funds of the other. With the wisdom of the statute now under consideration we are not concerned. Our inquiry is only as to its constitutionality. The 1927 act by its very terms purports to give the right and privilege to a pupil, who resides in a high school district of one county, of attending as a pupil in a high school district of another county, and to compel the district of her residence to pay the tuition fee required by the district of her attendance irrespective of the wishes of her residence district and even though it may be, as here, opposed to such attendance.

The judgment of the district court declaring this statute void is, therefore, affirmed.

MR. CHIEF JUSTICE DENISON not participating.