No. 15,327.

McMILLAN ET AL. *v.* BOARD OF COUNTY COMMISSIONERS OF ADAMS COUNTY.
(157 P. [2d] 146)

Decided March 19, 1945.

Mr. C. L. HARRISON, Mr. CHARLES E. HOLCOMB, for plaintiffs in error.

Mr. HARRY BEHM, Mr. F. F. HUNTER, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE BAKKE delivered the opinion of the court.

THIS is denominated an action in equity, and was instituted by the county commissioners of Adams county against John McMillan, a taxpayer, and the City of Aurora, in which they ask for authority to sell certain lots in the city for delinquent taxes, as in the case of the foreclosure of a mortgage. A motion to dismiss the complaint, in the nature of a demurrer, was filed and overruled. The taxpayer and the City of Aurora elected to stand on their motion and the trial court thereupon entered judgment in accordance with the prayer of the complaint. They seek reversal on a writ of error.

The complaint recites three alleged causes of action, based upon succeeding sales of certificates for delinquent taxes on the same lots, all owned by McMillan, and since they are of similar legal import that which we have to say about the first cause of action applies to all three. It is alleged that general taxes on the lots for 1928 were delinquent, and that tax certificates were sold and bid in by the county in accordance with law; that subsequent delinquent taxes have been endorsed on the certificate, including all penalties as of June 1, 1942, and that the total sum now due thereon is $1,632.20; that special improvement taxes for a water and sewer district, organized under sections 65-104, chapter 138,

'35 C.S.A., are delinquent for the same period, and that certificates therefor were also sold and bid in by the City of Aurora in the amount of $1,480.10, and that they now are held by said city; that these general tax certificates are of equal dignity with the certificates for the special improvements mentioned, and that the land itself is now worth only a fraction of the amount of the accumulated general and special taxes assessed against it; that plaintiffs have no remedy at law for disposal of these certificates; and that the situation is becoming more and more involved with each passing year; that equity requires that there should be a remedy whereby the property may be saved for the city and for the payment of the general taxes. Prayer is, that the court appoint a commissioner to advertise and sell said lands "as is usual in cases of sale of real estate under foreclosure and that the purchaser be decreed a fee title, free and clear of all claims and demands whatsoever for and on account of any of the taxes, either special or general, which are mentioned herein."

▉▉ We need take note of only one of the points specified as grounds for reversal, viz., that the complaint fails to state a cause of action. The point is well-taken. It is conceded by counsel for defendants in error that the only statutory authority upon which they rely is section 249, chapter 142, '35 C.S.A., but that section refers to certificates for general taxes in the possession, or under the control, of the county, while it is alleged in the complaint in the instant case that the City of Aurora owns and represents the special improvement taxes. However, said section 249, as modified by chapter 193, Session Laws, 1941, page 650, gives the county commissioners no such authority as they ask the court to approve in this case. This act was approved March 4, 1941. The complaint in this case was filed on June 17, 1942, and hence was subject to the 1941 act. Consequently, so far as we are advised, the only authority for disposition of the certificates held by the town of

Aurora is section 101, chapter 138, '35 C.S.A. Statutes in relation to taxes are exclusive in their remedy and must be strictly construed. 61 C.J., p. 1116, §1517, p. 1292, §1797; *Gomer v. Chaffee,* 6 Colo. 314; *Charlton v. Toomey,* 7 Colo. App. 304, 43 Pac. 454; *Crisman v. Johnson,* 23 Colo. 264, 47 Pac. 296; *Belier v. Wilson,* 59 Colo. 96, 147 Pac. 355—and against the taxing power. *Denver v. Tax Research Bureau,* 101 Colo. 140, 151, 71 P. (2d) 809.

■ We are aware of the predicament in which plaintiffs in error find themselves, but it is not of judicial cognizance. "If the statutory machinery is not effective, it is for the general assembly, and not the board of commissioners, to supply the remedy." *Chase v. Board of Commissioners,* 37 Colo. 268, 86 Pac. 1011; *Montgomery v. Denver,* 102 Colo. 427, 80 P. (2d) 434.

The judgment is reversed and the cause remanded with instructions to dismiss the complaint.