## No. 14,284.

### BEDFORD, STATE TREASURER ET AL. *v.* JOHNSON ET AL.
(78 P. [2d] 373)

Decided April 11, 1938.

Mr. Byron G. Rogers, Attorney General, Mr. Elmer P. Cogburn, Assistant, for plaintiffs in error.

Mr. Paul A. Johnson, Mr. Hudson Moore, for defendants in error.

*En Banc.*

Mr. Justice Knous delivered the opinion of the court.

The question for determination here is whether the general warehouse business of defendants in error is subject to the Public Revenue Service Tax Act of 1937. S. L. '37, p. 1144, 1937 Supp. C. S. A., c. 148. At the suit of defendants in error under the Declaratory Judgment Act, chapter 93, C. S. A. '35, the district court decided that the 1937 act had no application to their business and its findings and decree are brought here for review by the state treasurer, who is charged with the duty of en-

forcing the act, and the attorney general, who was made a party by reason of the provisions of the Declaratory Judgment Act. In lieu of evidence the facts were stipulated as follows (In accord with the position of the parties here we use the appellation ''defendants in error'' where the word ''plaintiffs'' appears in the original stipulation):

''That defendants in error's business consists in the management and operation of a general warehouse storage business in the City and County of Denver, and State of Colorado for which defendants in error charge their customers for the rental of space used.

''That in connection with said warehousing business defendants in error maintain and operate motor trucks for the purpose of conveying goods to their warehouse for storage and for conveying goods away that have been in storage.

''Charges for such transportation service is not included in charges made for the rental of warehouse space.

''That defendants in error specialize in the storage of household goods, office furniture, and office fixtures, but can, and do occasionally store merchandise and other commodities except goods of such intrinsic value and nature as to require storage in a safety vault or safety deposit box for safekeeping.

''That defendants in error do not conduct any part of their business as a Bank, Finance Company, or Trust Company, nor as an Automobile Rent Storage Garage.''

So far as pertinent to the question here involved the act provides:

''Section 5. From and after the effective date of this act there is hereby levied and imposed upon the services specified in this act and measured by the amount paid therefor and there shall be collected and paid:

\* \* \*

''(c) A tax equivalent to two (2) per cent of the value of services rendered or performed by any person en-

gaging or continuing in any of the following businesses: [here is inserted a list of some 80 named services including] * * * automobile rent storage garages; * * * parking lots; * * * depositories, * * * and any other business of a similar nature in which services (not professional) are performed on a price or fee basis."

The general warehousing business is *not included* by name in this section or any other part of the act.

Allegedly pursuant to section 19 of the act, conferring upon him the power to prescribe reasonable rules and regulations in conformity with the act and for its proper administration and enforcement, the state treasurer, on June 10, 1937, promulgated the following rule: "Storage or Warehouse—Ordinary storage or warehouse service although not specified in the Act, is similar to other taxable services and is taxable. Provided, however, that storage service for goods considered in interstate commerce and in the original packages for delivery to consignee is not taxable."

Thereafter, on September 20, 1937, the treasurer made a supplemental ruling on the same subject and particularly concerning the tax status of goods shipped in interstate commerce and stored in the original package before delivery; the storage of goods manufactured in Colorado and held pending shipment and the storage of household goods, furniture, etc., received for storage while in intrastate and interstate shipment.

If the ruling of the treasurer on this subject is legally within the terms of the act, the defendants in error will be required to procure a license and collect and remit the service tax as is thereby provided.

It is a settled rule in the interpretation of revenue laws that in case of doubt as to their application, the construction must be in favor of the taxpayer and against the taxing power. *Denver v. Research Bureau,* 101 Colo. 140, 71 P. (2d) 809; *People ex rel. Crawford v. Lothrop,* 3 Colo. 428; *Gomer v. Chaffee,* 6 Colo. 314; *Belier v. Wilson,* 59 Colo. 96, 147 Pac. 355.

The specific rule applicable where it is attempted to bring within the scope of a taxing measure a person or matter not specifically named in the act, was well stated by the Supreme Court of Tennessee in *Toledo Scales Co. v. Hill,* 151 Tenn. 312, 269 S. W. 25, where it was held that automatic scales designating the weight and price of articles placed thereon, did not fall within the classification of computing or calculating machines within the terms of a general revenue act of Tennessee, the court saying: "This court has repeatedly held that statutes levying taxes or duties upon citizens will not be extended by implication beyond the clear import of the language used, nor will their operation be enlarged so as to embrace matters not specially pointed out, although standing upon a close analogy, and all questions of doubt will be resolved against the government and in favor of the citizen, because burdens are not to be imposed beyond what the statute expressly imparts."

It is conceded by the treasurer that if the general warehouse storage business can be brought within the purview of the act it is by reason of the words "* * * and any other business of a similar nature in which services (not professional) are performed on a price or fee basis" which appears after the long list of designated businesses in section 5 (c) of the act, supra. While the rule of ejusdem generis, to the effect that where words of general import follow specific designations, the application of the general language is controlled by the specific, does not apply where the specific words signify subjects differing greatly from one another as we held in *Darius v. Apostolos,* 68 Colo. 323 (190 Pac. 510), the legislature itself, in the act under consideration, in effect has directed its construction in accordance with this well known doctrine. The words "business of a similar nature" can but mean businesses of a nature analogous to those specifically enumerated in the act. As such specifically enumerated "businesses of a similar nature" to the general warehouse storage business, the treasurer

has selected "automobile rent storage garages;" "parking lots;" or "* * * depositories."

The controlling question to be determined, therefore, is whether the general warehouse storage business, under the applicable rules of construction, is sufficiently analogous to the business of "automobile rent storage garages," "parking lots" or "depositories," to bring the first named business within the act by implication. If in this connection questions of doubt arise, it is the duty of the court, under the authorities we have cited, to resolve the doubt in favor of the defendants in error.

As a matter of simple grammatical construction, the claimed analogy between the business of the defendants in error and "depositories," as used in the act, can be eliminated. The term "depositories" appears between semicolons in the following group of words: "banks, finance companies, trust companies and *depositories, except as to interest on money loaned stock or commission brokers or agents;"* From the context of this clause it is evident that the word "depositories" as used therein has reference to storage or safekeeping services rendered in connection with banking, finance and trust company operations and cannot be considered as having a general meaning covering storage outside the limited field designated. This grammatical construction also is in accord with the legal doctrine of noscitur a sociis to the effect that the meaning of a doubtful word may be ascertained by reference to the meaning of words associated with it. *State v. Western Union Telegraph,* 196 Ala. 570, 72 So. 99.

Likewise, the words "automobile rent storage garages" by their very terms and accepted in their ordinary sense and meaning, import a service rendered in connection with the storage of *automobiles* and any business added to the act by implication under this head, must of necessity relate thereto. If the problem here presented had to do with the extension of this classification to include, say the storage in a rent garage of motorcycles,

tractors or other automotive vehicles, a close question might arise, but certainly the analogy cannot be extended to a general warehouse where, as here, under the stipulated facts, household goods, office furniture, office fixtures, store merchandise and other commodities, not including motor driven vehicles of any kind, are the subjects of storage. In this connection, and as illustrative of the rigidity of the application of the rule of strict construction to revenue statutes, we call attention to the case of *American-LaFrance Fire Engine Co. v. Riordan,* 6 F. (2) 964, wherein it was held that fire engines are not taxable as motor trucks under a federal revenue act laying excise on automobiles, wagons and motorcycles.

As has been mentioned, it was agreed here, and the trial court found, that the storage charges made in the general warehouse business of defendants in error were for the rental of the space used in the storage of the goods of the patron. Although no evidence was offered to show that the charges made on ''parking lots'' were based upon this consideration, the attorney general argues that we might well assume that to be a fact and on this basis determine that the general warehouse storage business is sufficiently similar to the parking lot business to bring the former within the provisions of the act. If we should indulge in conjecture on this subject, as the attorney general invites, we should presume that the number of automobiles handled in a given length of time by a parking lot would have more bearing on the ultimate charge to the consumer for the service rendered than would the amount of space occupied by each car during the short period it remained on a parking lot. Independent of conjecture, however, the term ''parking lot'' in its commonly accepted sense, refers to the business carried on for the accommodation of the public in providing parking and specialized service facilities for automobiles for short periods of time in an open air location, which under no theory, it seems to us, can be said to be analogous to the business of the defendants in error.

In view of the utter lack of analogy between the designated businesses discussed and the general warehouse storage business, and the serious questions of doubt relative to the intent of the legislature to include the latter in the law, we must conclude, as did the trial court, that this business cannot be brought within the terms of the act by implication.

It is perfectly obvious that had the legislature desired to tax services rendered in *all* business, it would have been unnecessary to have included in the act the long enumeration of taxable businesses and services. This act of the legislature is indicative of an intention, in which connection it is invested with a wide discretion, of imposing a tax upon the named businesses and those so closely akin thereto as to be substantially analogous, and did not contemplate a wholesale extension of the tax beyond that scope. Further, when the statute is read and the number of small and comparatively unimportant businesses specifically designated therein are considered, it is inconceivable to conclude that the failure of the legislature to include the general warehouse storage business by name was occasioned by oversight or inadvertence or under the belief that it was included by implication in one or more of the businesses named. More logical, it seems to us, is the conclusion that this business was intentionally omitted from the act. The very difficulty the treasurer has encountered in promulgating rules applicable to goods placed in storage while in interstate traffic and Colorado manufactured goods designed for shipment in interstate commerce and in storage before such shipment, would indicate that the legislature might have considered these troublesome complications and, because of them, decided upon the omission.

The discretion here is purely legislative and any extension of the purview of the law should be accomplished by legislative enactment and not by judicial fiat. If it should be judicially determined under the circumstances here presented that the warehouse business

is included in the act, as urged by plaintiffs in error, then by a series of continuing cumulating implications based upon the definition of "warehouse," in its broadest sense, it would be possible to extend the act to include other allied storage services not related by the most remote analogy to either parking lots, automobile rent storage garages, or any other business specified in the statute. Such is not the policy of the law.

The definition of the terms "services rendered or performed" and of "business" as contained in paragraph 2 (c) of the act and to which reference is made by the attorney general, cannot be helpful to the treasurer in this proceeding, since their application is limited to "any business or occupation" thereinafter in the act "designated and defined," which, as we have determined, is not the status of the general warehouse business.

The judgment is affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE YOUNG dissent.