**SCOTT COUNTY CONSERVATION BOARD, Appellee,**

v.

**D. G. BRIGGS, Director of the Iowa Department of Revenue, Appellant.**

No. 2–56907.

Supreme Court of Iowa.

May 21, 1975.

Richard C. Turner, Atty. Gen., George W. Murray, Special Asst. Atty. Gen., and Harry M. Griger and Donald H. Capotosto, Asst. Attys. Gen., for appellant.

Edward N. Wehr, Scott County Atty., and Thomas G. Schebler and Gary M. Lane, Asst. Scott County Attys., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP, and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal involves the applicability of the Iowa service tax to campgrounds operated by the Conservation Board of Scott County, Iowa.

The Scott County Conservation Board, which exists under chapter 111A of the Code, operates four campgrounds in a park owned by Scott County. The board furnishes tables, grills, refuse barrels, water, toilets, electricity, and playground equipment. Two of the campgrounds have graveled areas where vehicles may be left. About ten full-time employees maintain the park, including the campgrounds. Their duties include emptying refuse barrels, mowing, and cleaning. They spend less than 10% of their time maintaining the graveled areas for vehicles.

Admission to the park and campgrounds is free. A person may leave a vehicle at the campgrounds without charge for a day or night or for several days and nights. A person who camps in a tent overnight, however, must pay a fee of $1.50 per night; if several people stay overnight in the tent, the fee is $1.50 for all of them, and they must pay the fee whether they have a vehicle or not.

A person who leaves a camper or camping trailer at the campgrounds pays no fee, whether he leaves the vehicle for a day, a night, or longer. But if he stays in the camper or camping trailer overnight, he must pay a fee of $2 per night—the fee is $2 irrespective of the number of persons in the vehicle.

Section 422.43 of the Code imposes a tax of 3% on certain services. The section includes this clause: "The following enumerated services shall be subject to the tax herein imposed on gross taxable services:

. . . parking lots . . ..'' The statute does not define parking lots.

The Iowa Department of Revenue has a standing regulation which it claims brings campgrounds within the words "parking lots", although the regulation does not expressly so state.

In 1972 the Attorney General issued an opinion stating that the expression "parking lots" in § 422.43 encompasses the campgrounds in question and that the $2 fee for staying overnight in a camper or camping trailer is subject to the 3% tax. The Scott County Conservation Board paid the tax under protest, but took the director of the revenue department to district court over the question. The court held for the board. The director appealed.

■ We think the decision is controlled by the general principle that a taxing statute is construed liberally in favor of the taxpayer and strictly against the taxing body. As this court stated in Dodgen Industries, Inc. v. Iowa State Tax Commission, 160 N.W.2d 289, 296 (Iowa):

> Taxing statutes are strictly construed against the taxing body—liberally in favor of the taxpayer. *It must appear from the language of the statute the tax assessed against taxpayer was clearly intended.* (Italics added.)

The court also said this in General Expressways, Inc. v. Iowa Reciprocity Board, 163 N.W.2d 413, 423 (Iowa):

> Although it is true that courts give weight to administrative interpretation of statutes where the meaning admits of doubt and the rule is of long standing . . . it is well settled in this state that in the interpretation of taxing statutes doubtful language is to be resolved in favor of the taxpayer and against the taxing body.

■ Did the legislature intend that furnishing campgrounds such as these constitutes the furnishing of a parking lot? We need not say what our decision would be absent the rule of strict construction of tax statutes against taxing bodies. But that rule does exist, and we think inclusion of these campgrounds under § 422.43 is sufficiently questionable that we must hold in favor of the taxpayer and against the taxing body. See Bedford v. Johnson, 102 Colo. 203, 78 P.2d 373.

Affirmed.