Donna SCHMITT, Appellant,

v.

The IOWA DEPARTMENT OF SOCIAL SERVICES, Appellee.

No. 60275.

Supreme Court of Iowa.

March 22, 1978.

Janice M. Woolley and Marc A. Salle, of Legal Aid Society of Omaha-Council Bluffs, Inc., Council Bluffs, for appellant.

Richard C. Turner, Atty. Gen., Stephen C. Robinson, Sp. Asst. Atty. Gen., and Michael P. Murphy, Asst. Atty. Gen., Des Moines, for appellee.

. Considered by REYNOLDSON, Acting C. J., and LeGRAND, REES, HARRIS and McCORMICK, JJ.

REYNOLDSON, Acting Chief Justice.

In this appeal Donna Schmitt, a Council Bluffs indigent mother of seven minor children, raises statutory and constitutional challenges to the legality of certain rules promulgated by The Iowa Department of Social Services.

The present controversy was initiated when the Department published notice in the Iowa Administrative Code supplement relating to proposed rulemaking to alter the special needs program of aid to dependent children. Donna filed with the Department a petition for declaratory ruling under § 17A.9, The Code. Attached was a § 17A.4(1)(b) request for oral presentation signed by 30 residents of Council Bluffs or nearby towns. Donna's petition requested a ruling that the Department could not conduct the oral hearing until it had adopted procedural rules in conformance with §§ 17A.3(1)(b) and 17A.4(1)(b), The Code.

Responding, the Department ruled absence of final agency rules governing conduct of public hearings would not deprive persons of opportunity for a fair and adequate hearing to be held March 30, 1976, at Des Moines.

March 18, 1976, Donna petitioned Polk County district court for judicial review. She requested the court to enjoin the Department from holding the scheduled meeting until it had adopted rules required by the above statutes. By separate division she alleged 317 persons in five of the Department's 16 administrative areas had re-

quested the right to make oral presentations pursuant to § 17A.4(1)(b), and prayed that the court order the Department to conduct a public hearing in each of the five areas, or in the alternative provide transportation, meals and lodging for those ADC recipients who wished to attend the Des Moines meeting.

Trial court issued the injunction. The Department then promulgated rules which in part provided:

"770–3.2(17A) Location of oral presentations. All oral presentations should be held in Des Moines, Iowa unless the commissioner of the department of social services finds in the best interests of persons affected by the proposed change that an additional location or locations should be named.

"770–3.3(17A) Notice of oral presentations. Whenever possible notice of oral presentations shall be published in the Iowa Administrative Code. When time does not permit such notice, the commissioner may designate another method of notifying interested persons.

"770–3.4(17A) Conduct of oral presentations.

\*        \*        \*        \*        \*        \*

3.4(1) *  *  *
3.4(2) *  *  *
3.4(3) The presiding officer may exercise discretion to limit the time of each presentation to five minutes."

Upon Department's motion, trial court then dissolved the injunction. It refused to decide the merits of Donna's complaints relating to the above rules, indicating she first should present her objections to the Department under § 17A.7 ("An interested person may petition an agency requesting the promulgation, amendment, or repeal of a rule. *  *  *").

Donna complied by filing with the Department a "Petition for Adoption of Rules," which also incorporated requests to repeal certain of Department's rules. One of her requested rules provided the "Department shall hold an oral presentation in the largest metropolitan area in each administrative 'area' in the State of Iowa from which emanates a petition for oral presentation, as provided by Section 17A.4(1)(b), Code of Iowa." Other attacks were directed at notice and hearing time rule provisions.

The Department's commissioner responded in writing, denying Donna's petition on the merits. See § 17A.7. She then filed a second petition for judicial review alleging the adopted rules effectively prevented her from making oral presentations, and violated various specified statutory provisions and the due process clause of the Fourteenth Amendment. An answer dictated into the trial record essentially admitted the petition's factual allegations and denied those allegations asserting constitutional and statutory violations.

The Department presented the sole trial witness, an employee in its office of procedures. She testified a hearing required a presiding officer, a clerical person, and another person familiar with the specific rules under consideration. Out-of-Des Moines hearings would require travel, meals and perhaps lodging expense for those employees. She testified oral presentations were "very, very repetitious" and "time consuming." She further testified:

"We would be getting the same information in all parts of the State, and it would add—just add more time into the rule making process, add more time for our own staff that wouldn't benefit the making of the rule."

Trial court ruled the following § 17A.4(4)(a) objection filed by the administrative rules review committee was ineffective to shift to Department the burden to show the rule was not unreasonable, arbitrary, capricious or otherwise beyond the authority delegated to it:

"The Committee objects to 3.2 in re location of oral presentations on the grounds that it exceeds the power of the Department. Section 17A.4 of the Code requires that all people be given a reasonable opportunity to make an oral presentation and holding all meetings in Des Moines effectively precludes this."

The district court limited its inquiry "to finding whether respondent's final agency action was unreasonable, and arbitrary to such a degree, when tested by appropriate statutory standards, that it amounts, in all respects, to a manifest abuse of discretion." It then held for the Department. We affirm in part, reverse in part, and remand with directions.

## I. *Scope of review.*

■ This appeal does not result from a "contested case" within the meaning of § 17A.2(2), The Code. See *Airhart v. Iowa Dept. of Social Services,* 248 N.W.2d 83, 86 (Iowa 1976); *Frazee v. Iowa Bd. of Parole,* 248 N.W.2d 80, 82 (Iowa 1976). It arises out of the Department's procedural rulemaking function. See §§ 17A.3 and 17A.4, The Code.

The Iowa Administrative Procedure Act permits judicial review of "agency action." § 17A.19, The Code. Agency action "includes the whole or a part of an agency rule * * *." § 17A.2(9), The Code. "Rule" means "each agency statement of general applicability that * * * prescribes law or policy, or that describes the * * * procedure, or practice requirements of any agency." § 17A.2(7), The Code.

Bonfield, Arthur E., *The Iowa Administrative Procedure Act: Background, Construction, Applicability, Public Access to Agency Law, The Rulemaking Process,* 60 Iowa L.Rev. 731, 894 (1975) (hereafter, *Bonfield* ) relevantly states:

"[A]ny agency failure to conform to the requirements of section 7 [§ 17A.7] in handling petitions for the issuance, amendment, or repeal of rules is remediable under the judicial review provisions of the Act. * * * [S]ection 19(1) provides that 'a person * * * aggrieved or adversely affected by agency action may seek judicial review of such agency action.' A court could grant any appropriate relief including ordering the agency to perform its duty."

■ Review of administrative action is restricted to a determination whether petitioner's substantial rights have been preju-

diced because the agency action violates one of the seven § 17A.19(8) criteria which we set out verbatim in *Hoffman v. Iowa Dept. of Trans.,* 257 N.W.2d 22, 25 (Iowa 1977).

■ Trial court excessively restricted its review to the test articulated in § 17A.19(8)(g) ("Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion"). The issues in the case invoked application of other criteria including § 17A.19(8)(a) ("In violation of constitutional or statutory provisions"), and § 17A.19(8)(b) ("In excess of the statutory authority of the agency").

## II. *Burden of proof.*

Donna asserts the administrative rules review committee's objection to the location-of-oral-presentations rule, 770–3.-2(17A), supra, shifted the burden to the Department to establish that rule "is not unreasonable, arbitrary, capricious or otherwise beyond the authority delegated to it" under § 17A.4(4)(a), The Code. The Department argues the objection was ineffective for this purpose because it did not "notify the agency of the objection" as the statute requires. It relies on *Bonfield,* supra, 60 Iowa L.Rev. at 908–912, who reasons the § 17A.4(4) power of the committee and the attorney general is rigidly circumscribed and must be held in check by a specificity requirement:

"[T]he writing must be sufficient to apprise the agency of the precise nature and scope of the objection so that the agency can properly evaluate the objection and cure it if the agency believes that to be the proper course of action. To adequately perform this fair notice function for the agencies, the objection must contain essential findings and a brief elaboration of reasons. Such findings are also necessary so that a court can, facially at least, satisfy itself that the properly filed objection was based only upon the grounds indicated in this rules review provision, and no other. That is, a court needs these findings for the same reason it needs findings in any

quasi-judicial determination by an agency—to be sure that the action taken by the Committee or Attorney General is within the scope of the authority granted them under section 4(4)(a) [§ 17A.4(4)(a)]."

■ We adopt the rationale underlying the above requirement and agree the obligation to formulate a specific objection should be imposed.

■ Upon examination, the skimpy objection lodged in this instance and set out above only minimally passes muster. But it did allege rule 3.2 "exceeds the power of the Department" which sufficiently identifies the statutory ground, "beyond the authority delegated to the agency." § 17A.4(4)(a).

The troublesome question is whether the findings are sufficient to convey to the agency the nature and scope of the objection. We think in this instance the objection is adequate when viewed in light of circumstances then prevailing, disclosed by the appendix in this appeal. The battle between Donna and the Department was intense and in full swing. These rules were being formulated and considered under duress of a district court injunction. The committee's objection to prior proposed rules recited that "Section 17A.4 of the Code requires that all persons be given reasonable opportunity to make an oral presentation and holding all meetings in Des Moines effectively precludes some persons from being afforded such an opportunity." When rule 3.2 was slightly modified in final form the committee found, "Section 17A.4 of the Code requires that all persons be given a reasonable opportunity to make an oral presentation and holding all meetings in Des Moines effectively precludes this." Of course, the rules under scrutiny did not mandate all oral presentations were to take place in Des Moines. But it effectively placed in the Department the power to accomplish that end, even though those requesting the right of oral presentation were indigent and resided in distant locations.

In light of the surrounding circumstances, we are convinced the committee's above finding was adequate to convey the necessary message to the Department.

We hold the burden shifted. The Department was required to establish rule 770–3.2(17A) was within the authority delegated to it by § 17A.4, The Code.

### III. Review of place-of-oral presentation rule.

■ We do not consider constitutional questions unless it becomes necessary for proper disposition of a controversy. *Motor Club of Iowa v. Dept. of Transp.,* 251 N.W.2d 510, 519 (Iowa 1977); *City of Des Moines v. Lohner,* 168 N.W.2d 779, 782 (Iowa 1969). As the issue relating to this agency rule may be resolved on statutory grounds, the above principle applies.

■ We first consider whether the Department has carried its burden to establish rule 770–3.2(17A) was not beyond the authority delegated to it. Specifically, scope of review standards § 17A.19(8)(a) ("In violation of constitutional or statutory provisions") and § 17A.19(8)(b) ("In excess of the statutory authority of the agency") are applicable.

The issue before us can be resolved by appropriate interpretation of § 17A.4(1)(b):

"*17A.4 Procedure for adoption of rules.*

1. Prior to the adoption, amendment, or repeal of any rule an agency shall:

(a) * * *

(b) Afford all interested persons not less than twenty days to submit data, views or arguments in writing. *If timely requested in writing by twenty-five interested persons,* by a governmental subdivision, by the administrative rules review committee, by an agency, or by an association having not less than twenty-five members, *the agency must give interested persons an opportunity to make oral presentation* according to agency rules which give the public not less than twenty days notice of the time when and the place where oral presentation may be made, and which provide for the presentation prior to agency action on the rule

which is the subject of the proceeding. * * *" (emphasis supplied)

■ In essence, Department rule 700–3.-2(17A) is the agency's construction of one aspect of § 17A.4(1)(b) and its requirements. In its rulemaking the agency is interpreting a statute. See *Abbott Laboratories v. Gardner,* 387 U.S. 136, 149, 87 S.Ct. 1507, 1515–1516, 18 L.Ed.2d 681, 691–692 (1967); *National Automatic Laundry and Cleaning Council v. Shultz,* 143 U.S.App. D.C. 274, 280, 281, 443 F.2d 689, 695–696 (1971).

We have recognized we should give weight to administrative interpretations of statutes, particularly when they are of long standing. *Iowa Nat. Indus. Loan Co. v. Iowa State Dept. of Revenue,* 224 N.W.2d 437, 440 (Iowa 1974). However, the meaning of a statute is always a matter of law, and final construction and interpretation of Iowa statutory law is for this court. *Cassady v. Wheeler,* 224 N.W.2d 649, 651 (Iowa 1974); *Hubbard v. State,* 163 N.W.2d 904, 909 (Iowa 1969).

■ In our overall pattern of government the judicial branch has the function of requiring the executive (or administrative) branch to stay within the limits prescribed by the legislative branch. *National Automatic Laundry and Cleaning Council v. Shultz,* supra, 143 U.S.App.D.C. at 280, 443 F.2d at 695.

■ The plain provisions of a statute cannot be altered by administrative rule. *Nishnabotna Valley Rural Elec. Coop. v. Iowa P. & L. Co.,* 161 N.W.2d 348, 352 (Iowa 1968). In *Iowa Dept. of Rev. v. Iowa Merit Employ. Com'n,* 243 N.W.2d 610, 616 (Iowa 1976), this court aptly observed:

"[A]dministrative rules must be reasonable and consistent with legislative enactments. See *Holland v. State of Iowa,* 253 Iowa [1006] at 1010, 115 N.W.2d [161] at 164. To the same effect is this statement in *Bruce Motor Freight, Inc. v. Lauterbach,* 247 Iowa 956, 961, 77 N.W.2d at 613, 616 (1956): 'Rules cannot be adopted that are at variance with statutory provisions, or that amend or nullify legislative intent.'

See also 73 C.J.S. Public Administrative Bodies and Procedure § 94." See 2 Am.Jur.2d, Administrative Law, § 296, p. 123 (1962).

First examining the legislation, we note the Iowa Administrative Procedure Act "shall be construed broadly to effectuate its purposes". § 17A.23, The Code. One of the legislature's express purposes was "to increase public participation in the formulation of administrative rules". § 17A.1, The Code.

Narrowing the focus, it is plain § 17A.4 was designed to insure such public participation in agency rulemaking in one of two ways. The first sentence of § 17A.4(1)(b) provides for *written* presentations. But the second sentence guarantees *oral* presentations where, *inter alia,* twenty-five persons request that right.

It is helpful to consider why the concept of public participation in administrative rulemaking is finding its way into such enactments. Authorities agree such participation benefits individuals and the State because it:

(1) helps parties responsible for rulemaking to elicit information necessary to intelligent action;

(2) increases governmental responsiveness to commonly felt needs and wants;

(3) broadens administrators' perspective; and

(4) implements the ideal of participatory democracy.

*Bonfield,* supra, 60 Iowa L.Rev. at 845–847; see Sinaiko, *Due Process Rights of Participation in Administrative Rulemaking,* 63 Cal.L.Rev. 886 (1975); cf. *D. C. Federation of Civic Associations, Inc. v. Volpe,* 140 U.S. App.D.C. 162, 168, 434 F.2d 436, 442 (1970).

Oral presentation is of particular significance for many of the poor:

"Written submissions are an unrealistic option for most recipients, who lack the educational attainment necessary to write effectively and who cannot obtain professional assistance. Moreover, writ-

ten submissions do not afford the flexibility of oral presentations * * *."

*Goldberg v. Kelly,* 397 U.S. 254, 269, 90 S.Ct. 1011, 1021, 25 L.Ed.2d 287, 299–300 (1970)

See also Bonfield, *Representation for the Poor in Federal Rulemaking,* 67 Mich.L. Rev. 511, 511–512 (1969).

Bearing directly on the appeal before us is this from Ashman, *Representation for the Poor in State Rulemaking,* 24 Vand.L.Rev. 1, 1–2 (1970):

> "The growing sense of powerlessness and frustration among disadvantaged minority groups and the poor in general can be attributed, in part, to the lack of programs and procedures designed to assist the poor in communicating with state and federal agencies, in participating in the decision-making process, or in protesting arbitrary administrative action."

See *Bonfield,* supra, 60 Iowa L.Rev. at 854.

■ We believe these considerations motivated the legislature in formulating § 17A.4(1)(b). These concerns must be weighed in construing the statute, for our polestar is legislative intent. *Iowa Dept. of Rev. v. Iowa Merit Employ. Com'n,* supra, 243 N.W.2d at 614.

No one contends these indigents, who form the bulk of the Department's constituency, have funds to travel to Des Moines and pay for incidental child care, meals or lodging. For example, the court file before us reflects Donna has $561 per month to support herself and seven children, ages 4 through 15. Yet the Department, by insisting on maintaining its rule 770–3.2(17A) option to require these people to make oral presentations in Des Moines, in effect is construing § 17A.4(1)(b) to mean the oral presentation right of indigents may be eliminated. We disagree. Cf. *D. C. Federation of Civic Associations, Inv. v. Volpe,* supra, 140 U.S.App.D.C. at 169, 434 F.2d at 443 ("If we were to accept appellees' * * * interpretation of Section 23, Congress would have excluded from the statutory protection only one group, a totally unrepresented and voiceless minority of citizens.").

■ Brief reference should be made to Department's assertion its rule is valid because the legislature intended to strike a balance between public participation "and the need for efficient, economical and effective government administration." See § 17A.1(2), The Code. We do not perceive the necessity of the three-person caravan to outlying oral presentations described by the Department's witness. Of course it is preferable that agency heads preside at oral presentations. They legally are required to be adequately informed as to contents of all oral and written presentations. But for efficiency purposes, one knowledgeable employee proficient in use of a tape recorder might preside and communicate to the agency heads the substance of the oral presentations. See *Bonfield,* supra, 60 Iowa L.Rev. at 854–855; *Hinrichs v. Iowa State Highway Commission,* 260 Iowa 1115, 1123–1124, 152 N.W.2d 248, 253–254 (1967).

■ We find the Department has not carried its burden. It has not established its place-of-oral-presentation rule was within the authority delegated to it. Upon review we hold the rule, to the extent it permits the Department to require indigents residing outside of its Des Moines district administrative area to travel to Des Moines at their own expense to make oral presentations, violates the intent and purpose of § 17A.4(1)(b). We hold that statute will not permit these indigents to be compelled to travel at their own expense beyond the major population center in their own administrative area. On this issue district court's determination is reversed with directions to remand to the agency for further rulemaking consistent herewith. See § 17A.19(8).

## IV. *Review of remaining contested rules.*

We briefly consider Donna's challenges to rules 770–3.3(17A) (notice of oral presentations) and 770–3.4(3) (conduct of oral presentations), set out in the fifth paragraph in this opinion.

There are no serious issues of statutory violations. Department's rule provides for publication of notice in the Iowa Administrative Code, a procedure approved in § 17A.4(1)(a). There are no statutory time requirements relating to individual oral presentations.

"The time limit for each presentation may be specified; so may an over-all time limit for all the oral presentations to be made. However, it would seem that an agency may not limit the number of persons who can make such presentations by setting an unreasonably short time for the oral proceedings. After all, the statute does say that 'the agency must give interested persons' such an opportunity." *Bonfield*, supra, 60 Iowa L.Rev. at 854

■ These rules are attacked as violating federal constitutional due process. As the complaints do not relate to a specific application of the rules, Donna necessarily alleges unconstitutionality of these rules on their face. See *State v. Aldrich*, 231 N.W.2d 890, 893 (Iowa 1975). So viewed, we find nothing per se violative of due process.

■ Donna additionally asserts the Department's denial of her request to adopt a rule providing for notice by mail to local welfare rights organizations was arbitrary, capricious and unreasonable. While such a rule would be desirable, we do not find failure to adopt such a rule unreasonable, arbitrary or capricious. Rule 770–3.3(17A) does not prohibit such additional notice. In a given situation, it may be required. "Indeed, agencies should give notice by additional means in those cases where through experience or common sense they perceive that the usual published notice in the *Iowa Administrative Code* is, in fact, insufficient to apprise all interested persons of the pendency of such proceedings." *Bonfield*, supra, 60 Iowa L.Rev. at 849. At this point, we prefer to wait until such situation is presented. See *Hunt v. Edmunds*, 328 F.Supp. 468, 472 (D.Minn.1971).

We affirm in part, reverse in part, and remand with directions.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.