N. F. SORG, Appellant,

v.

IOWA DEPARTMENT OF REVENUE, Appellee.

No. 61163.

Supreme Court of Iowa.

Aug. 30, 1978.

F. Richard Lyford of Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., George W. Murray, Spec. Asst. Atty. Gen., and Beth S. Kerwin and Gerald A. Kuehn, Asst. Attys. Gen., for appellee.

REYNOLDSON, Chief Justice.

The question in this appeal is whether appellant N. F. Sorg, by permitting customers of area merchants to park without charge on his property, is operating a "parking lot" under our retail sales tax law. If so, Sorg must pay tax on sums contributed by those merchants for care, maintenance and use of the lot. District court affirmed the Department of Revenue director's order sustaining the sales tax assessment. We reverse.

Section 422.43, The Code 1975, imposes a three percent tax upon gross receipts from, among other things, the rendering, furnishing, or performing of certain enumerated services. The list of services includes "parking lot."

"Parking lot" is not statutorily defined. See *Scott County Conservation Bd. v. Briggs,* 229 N.W.2d 126, 127 (Iowa 1975). The Department has attempted to supply this omission by promulgating rule 730–26.-35(422) IAC:

*Parking lots.* Persons engaged in the business of providing parking space for any vehicle are rendering, furnishing or performing a service, the gross receipts from which are subject to tax, irrespective of the method of collection utilized. "Parking lots" shall include any facility used primarily for parking vehicles, whether an outdoor lot or building. "Parking lots" shall also include any parking facility provided by the lessor of a building to his lessees if the lessor makes a separate charge for the parking space above and beyond the rental charge for other space in the building. "Parking lots" shall also include any facility used primarily for parking vehicles, even if such facility is used seasonally or for even shorter duration, such as providing parking space at the time of a show, fair, carnival or similar event.

On the basis of § 422.43 as interpreted by rule 26.35, the Department in 1976 assessed Sorg with a $595.50 sales tax liability (plus interest, penalty and fees) based on gross receipts from 1971 through 1975. Sorg's protest was upheld by a Department hearing officer, but the Department director reversed and sustained the assessment. Sorg appeals district court's affirmance of that decision.

There is little factual dispute. Commencing in 1945 Sorg operated a pharmacy in Marion. Later he realized he must have off-street parking to compete with shopping centers established in adjoining areas. In 1965 he and other nearby merchants considered buying a vacant lot adjoining the pharmacy. When collective action fell through, Sorg purchased the lot himself. He improved it for parking by paving and marking off 22 parking spaces.

Since then, however, merchants have contributed varying monthly sums to Sorg for the care and maintenance of the lot. There have been no written or oral leases. In 1975 Sorg sold the pharmacy business but retained ownership of the real estate. Sorg testified the new proprietor and six other businesses have been paying him monthly sums totaling almost $900. All persons

have been allowed to park on the lot and no car has ever been towed away.

Sorg basically makes two arguments. He contends the Department exceeded its authority in adopting rule 26.35, which admittedly reaches him, because the legislature did not intend to tax under these circumstances. He also contends rule 26.35 as applied violates equal protection by exempting lessors who receive rental payments covering both business space and parking lot rights—for example, shopping mall owners.

■ I. Our review of this agency action is governed by the Iowa Administrative Procedure Act (IAPA), chapter 17A, The Code. § 17A.19; *City of Davenport v. PERB,* 264 N.W.2d 307, 311 (Iowa 1978). Review of administrative action is restricted to a determination whether petitioner's substantial rights have been prejudiced because the agency action violates one of the seven § 17A.19(8) criteria which we set out verbatim in *Hoffman v. Iowa Dept. of Transp.,* 257 N.W.2d 22, 25 (Iowa 1977). See *Schmitt v. Iowa Dept. of Social Services,* 263 N.W.2d 739, 743 (Iowa 1978).

■ The rule-making authority of the Department is limited to "rules not inconsistent with the provisions of this chapter." § 422.68(1). Adoption of administrative rules which are at variance with statutory provisions or which amend or nullify legislative intent exceeds the Department's authority. *Schmitt,* 263 N.W.2d at 745, and citations.

Rule 26.35 represents the Department's interpretation of § 422.43's unadorned reference to parking lots. Although we should give weight to Department's interpretation, see *Iowa Nat. Indus. Loan Co. v. Iowa State, Etc.,* 224 N.W.2d 437, 440 (Iowa 1974), the meaning of a statute is always a matter of law, and final construction and interpretation of Iowa statutory law is for this court. *West Des Moines Ed. Ass'n v. PERB,* 266 N.W.2d 118, 124–25 (Iowa 1978); *Schmitt,* 263 N.W.2d at 745; *Cassady v. Wheeler,* 224 N.W.2d 649, 651 (Iowa 1974); see K. Davis, Administrative Law § 5.05 at

315 (1958). Thus, rule 26.35 is not binding on this court, and we have a duty to determine whether the legislature intended to tax persons like Sorg. If not, the rule is inconsistent with the statute and its adoption and application exceed the Department's authority, affording Sorg grounds for judicial relief. § 17A.19(8)(b).

Because the legislature did not define what it meant by "parking lot" we must arrive at its intent in this taxing statute by application of established rules of construction.

■ Generally, statutory words are presumed to be used in their ordinary and usual sense and with the meaning commonly attributable to them. *Amos v. Prom, Inc.,* 117 F.Supp. 615, 624 (N.D.Iowa), appeal dismissed, 214 F.2d 350 (8th Cir. 1954); *State v. McGuire,* 200 N.W.2d 832, 833 (Iowa 1972); 2A Sutherland, Statutory Construction § 46.01 (rev.3d ed.1973). We think in its broad application the ordinary and usual public concept of "parking lot" is simply an outdoor lot for the parking of vehicles. See Webster's Third New International Dictionary 1642 (1966); see also *Bedford v. Johnson,* 102 Colo. 203, 209, 78 P.2d 373, 377 (1938); *State v. Kressler,* 50 N.J.Super. 362, 366, 142 A.2d 257, 259–60 (1958).

However, in the case before us the words under consideration appear in a taxing statute imposing a sales tax on gross receipts paid a "retailer," due when parking lot service is furnished the "ultimate user." See §§ 422.42(5), (6) & (13). In this narrower context of parking for which a charge is paid, we believe the public concept of a "parking lot" is an outdoor lot for parking vehicles where a charge is imposed, at the premises and on the vehicle's driver, for the privilege of parking a vehicle for a fixed interval. See *Bedford v. Johnson,* 102 Colo. at 209, 78 P.2d at 377. This being the meaning commonly attributed to parking lot when a consideration is paid for the privilege of parking, we conclude this to be the meaning intended by the legislature. Of course, this definition would exclude the lot owned by Sorg.

■ Our determination it was the legislature's intent to limit its tax to the operations just described is reinforced by an examination of the other "services" itemized in the same statutory sentence. Under the applicable rule of *noscitur a sociis,* the meaning of a word in a statute is ascertained in light of the meaning of words with which it is associated. *Wright v. State Bd. of Engineering Examiners,* 250 N.W.2d 412, 413 (Iowa 1977); 2A Sutherland, supra, at § 47.16. Approximately 50 different categories of "services," including "parking lot," are itemized in the § 422.43 sentence enumerating services to be taxed. Most fall squarely within the § 422.42(13) "services" definition, "*acts* * * * rendered, furnished, or performed * * * by any person engaged in any business or occupation specifically enumerated * * *." (emphasis added). The majority of the enumerated acts involve repair of various kinds of real and personal property. Other services include dry cleaning, dance schools, printing, massage, well drilling, and packaging of merchandise. Analyzed with a view toward other words employed in this enumeration, Sorg's receipt of contributions from nearby merchants for upkeep of his lot used for parking by shoppers and others does not appear clearly to fall within the statutory scheme to tax receipts from "acts" rendered, furnished, or performed by any person engaged in any business or profession.

Excluding the contributions Sorg receives from the imposition of sales tax conforms to an even more basic principle: "Taxing statutes are strictly construed against the taxing body—liberally in favor of the taxpayer. It must appear from the language of the statute the tax assessed against taxpayer was clearly intended." *Scott County Conservation Bd. v. Briggs,* 229 N.W.2d at 127, quoting *Dodgen Industries, Inc. v. Iowa State Tax Commission,* 160 N.W.2d 289, 296 (Iowa 1968); see *Iowa Movers & Warehousemen's Ass'n v. Briggs,* 237 N.W.2d 759, 769 (Iowa), cert. denied, 429 U.S. 832, 97 S.Ct. 94, 50 L.Ed.2d 96 (1976). Construing § 422.43 and the applicable defi-

nitions in § 422.42 liberally in favor of Sorg and strictly against the Department, we cannot.find language signaling a clear legislative intent to tax in the situation before us.

Our interpretation of the relevant statutory language leads us to conclude that the legislature did not intend to impose sales tax in this situation. The Department's rule 26.35 interpretation of "parking lot," in our view, sweeps beyond the area the legislature intended to reach with this sales tax on services. To this extent we find the rule inconsistent with § 422.43. It follows the Department exceeded its authority in adopting this rule and in applying it in the case before us. § 17A.19(8)(b). This agency action cannot stand.

II. The above holding obviates any necessity to consider Sorg's other grounds for reversal.

We reverse and remand to district court for further orders consistent with this opinion.

REVERSED AND REMANDED.

All Justices concur except ALLBEE and McGIVERIN, JJ., who take no part.