**WAKONDA CLUB, Appellant,**

v.

**IOWA STATE BOARD OF TAX REVIEW, Appellee.**

No. 88–1278.

Supreme Court of Iowa.

Aug. 16, 1989.

Mark R. Schuling of Brick, Seckington, Bowers, Swartz & Gentry, P.C., Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Harry Griger, Sp. Asst. Atty. Gen., and Lucille M. Hardy, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, CARTER and SNELL, JJ.

HARRIS, Justice.

The question is whether state sales tax is due on a special assessment issued by the plaintiff country club to collect $2 million from its members for construction and remodeling of facilities. As the trial court correctly held, the answer is yes.

Plaintiff Wakonda Club (the club) is a golf and country club in Des Moines. Club members pay an initiation fee and monthly membership dues. Different fees and dues are paid by members who wish to participate in athletic activities. In December 1983 the club issued a special assessment of its members for approximately $2 million for construction and remodeling of facilities. Sales tax was paid both on the membership dues and the special assessment.

The club, as agent for its members, thereafter filed a claim for a sales tax refund with the Iowa department of revenue. The department determined to refund only the equity portions of the special assessment. The remainder of the claims were denied on the ground that, under Iowa administrative code rule 701–26.24,[1] all fees, dues, or charges paid to golf and country clubs are subject to tax.

The club then filed a protest. After a hearing a proposed order was issued finding the department was correct in denying the refund. The denial was based largely on the fact that members would lose membership if they failed to pay the dues or the special assessment. Dues were thus found to be for services and subject to sales tax under Iowa Code section 422.43(11) (1987). The club appealed to the director of revenue who adopted the proposed order. The club then appealed to the Iowa board of tax review which affirmed the director. The club then filed this petition for judicial review after which the district court affirmed the decision of the board.

I. Judicial review of agency action is controlled by Iowa Code section 17A.19. The rulemaking authority of the department is limited to rules not inconsistent with the provisions of the statutes. Iowa Code § 422.68(1). Adoption of administrative rules which are at variance with statutory provisions or which amend or nullify legislative intent exceed the department's authority. *Sorg v. Iowa Dep't of Revenue,* 269 N.W.2d 129, 131 (Iowa 1978). Although we give weight to the department's interpretation, the meaning of a statute is always a matter of law and final construction and interpretation is for this court. *Id.* Taxing statutes are strictly construed against the taxing body—liberally in favor of the taxpayer. *Id.* at 132. It must appear from the language of the statute that the tax assessed was clearly intended. *Id.*

II. Iowa imposes a retail sales tax on certain listed service businesses and occupations. Iowa Code section 422.43(10) states:

There is imposed a tax of four percent upon the gross receipts from the rendering, furnishing, or performing of services as defined in section 422.42.

The term services is defined as follows: Services means all acts or services rendered, furnished, or performed ... for a valuable consideration by any person en-

---

1. 701–26.24 was formerly numbered 730–26.24.

gaged in any business or occupation specifically enumerated in this section. Iowa Code § 422.42(13). The businesses and occupations which are taxed are listed in Iowa Code section 422.43(11). Golf and country clubs are included.

Acting under authority of Iowa Code section 422.68(1) the director of revenue and finance adopted rules to implement the collection of taxes, including sales taxes, under Iowa Code chapter 422. Sales tax on services are treated in the administrative code. At issue here is the following provision:

Golf and country clubs and all commercial recreation. All fees, dues or charges paid to golf and country clubs are subject to tax.

701 Iowa Admin.Code 26.24. In challenging this provision the club asserts it is ultra vires as applied to dues and the non-equity portions of the special assessments. The club contends the legislature did not intend for these payments to be included in the tax base.

■ We analyze challenges to sales tax assessments under a two-step test developed in *Sorg v. Iowa Dep't of Revenue*, 269 N.W.2d at 132, and *Iowa Movers and Warehousemen's Association v. Briggs*, 237 N.W.2d 759, 770 (Iowa), *cert. denied*, 429 U.S. 832, 97 S.Ct. 94, 50 L.Ed.2d 96 (1976). Under these cases the first question is a legal one: what situations fall under the ambit of the service listed in the statute? The second question is a factual one: what services are involved in the challenged assessment?

■ Our inquiry under the first question is whether the department could rationally conclude that dues and non-equity portions of the special assessments were within the tax base. The tax base, according to both the statute and the administrative code provision previously quoted, is defined as gross receipts from "all acts or services rendered, furnished, or performed" by any person engaged in the business of operating a "golf and country club." Our second inquiry is whether the department could rationally conclude that dues and non-equity portions of the special assessment were paid as consideration for any act or service rendered, furnished, or performed by the club for its members.

In both inquiries it is important to remember that the department concedes a refund is due on the equity portion of the special assessment. The dispute involves only the non-equity portion in the membership dues. It is important also that the payments at issue are required for whatever services the club provides. Membership privileges are lost if payments are not made.

The club contends the special assessment here was only for construction and remodeling, thus was for capital improvements. There is some appeal to the contention but we think it fails. In nearly every situation when one pays for a service a part of the charge is for capital structures necessary for whatever service is offered. The club here must have the facilities in order to perform its services.

The nature of the service is not altered because the person or business providing it is required or chooses to expend part of the consideration for capital structures. The improved facilities here became part of the service which the club members paid for. Sales tax cannot be avoided by way of making separate charges, one for the actual labor and materials involved and another for capital expenditures.

III. The club separately contends that the imposition of the sales tax on the special assessment resulted in double taxation. It is said that the contractor already paid sales tax on the materials and passed the tax costs onto the club.

■ Double taxation occurs only where the same tax is imposed by the same taxing power upon the same subject matter. *Ramco, Inc. v. Director of Dep't of Revenue*, 248 N.W.2d 122, 124 (Iowa 1976). The taxes here were not on the same subject matter. The club was taxed on the money it received for providing services. The contractor was taxed for materials purchased for construction. The fact that the contractor may have recouped his tax

expense from the club does not mean there is a tax on the same subject matter.

AFFIRMED.