*240 WATERMAN, Justice
(dissenting).
I respectfully dissent. I would affirm the district court ruling that correctly reversed the workers’ compensation commissioner. The commissioner lacked authority to penalize the employer for failing to provide a first report of injury when the employee missed no work. In my view, the controlling statutory provision is Iowa Code section 86.11 (2013), which provides in relevant part:
Every employer shall hereafter keep a record of all injuries, fatal or otherwise, alleged by an employee to have been sustained in the course of the employee’s employment and resulting in incapacity for a longer period than one day. If the injury results only in temporary disability, causing incapacity for a longer period than three days, then ... the employer ... shall file a report with the workers’ compensation commissioner in the form and manner required by the commissioner. If such injury to the employee results in permanent total disability, permanent partial disability, or death, then the employer ... shall file a report with the workers’ compensation commissioner. ...
It is undisputed the employee missed no work for the injury at issue and, at the relevant time, did not allege a permanent total or partial disability. Thus, the employer was not required under section 86.11 even to “keep a record” of this injury, much less file a report with the commissioner. As the district court concluded,
[t]he statutory provision is straightforward. The employer must file a report required by section 86.11. Only if the employer fails to file the required report can the commissioner assess a penalty for that failure.
The commissioner cannot amend a statute by rule. Iowa Dep’t of Revenue v. Iowa Merit Emp’t Comm’n, 243 N.W.2d 610, 615 (Iowa 1976) (“[T]he plain provisions of the statute cannot be altered by an administrative rule or regulation-”).[4] It is true the commissioner may impose additional reporting requirements by agency rule promulgated pursuant to section 86.12.[5] But, that Code provision and the rule relied on by the commissioner and majority merely take us in circles. The rule provides the “first report of injury is to be filed when demanded by the commissioner pursuant to Iowa Code section 86.12.” Iowa Admin. Code r. 876-3.1 (emphasis added). Section 86.12 does not require such a report; rather this statute merely provides the commissioner may penalize employers who fail to supply reports reqiiired by sections 86.10, 86.11, or 86.13, or by rule. That is, section 86.12 merely provides a procedural mechanism to enforce the reporting requirement in the oth *241 er provisions, including section 86.11. No report was required by sections 86.10 or 86.18 in this case nor, as noted, was a report required under the plain language of section 86.11, directly on point. The majority concludes the agency rule imposes a new reporting requirement here. I disagree. Rather, the rule simply loops back to section 86.12, under which no such report is required.
We must read the statutory provisions and administrative rule together and harmonize them if possible. The administrative rule is in conflict with the statute by requiring a report the statute does not. The statute trumps the rule. Moreover, section 86.11, as the more specific provision, controls over the more general language in section 86.12. See Iowa Code § 4.7. No report was due, so the commissioner erred by imposing a $1000 penalty for failing to provide it.
We owe no deference to the commissioner’s interpretation of the workers’ compensation statutes. Lakeside Casino v. Blue, 743 N.W.2d 169, 173 (Iowa 2007). The majority relies on the principle that chapter 85 is liberally construed for the benefit of the employees. But, a principle of liberal construction cannot override the plain meaning of the statute.
At one level, this is a relatively unimportant case. The employer’s counsel stated at oral argument that the failure to provide the report when requested was an oversight and that the practice of the employer is to promptly comply with agency requests for such information. On another level, the principles at play in this case are quite important. When our elected legislature specifies the reporting obligations of Iowa employers, the commissioner should not increase regulatory burdens and impose fines for conduct that satisfied statutory obligations. The $1000 per-violation penalty in this case may be small change to some employers, yet significant to others. And, while the burden imposed in this case — supplying a first report of injury — is slight, the burdens imposed under other rules could be onerous.
For these reasons, I cannot join the majority opinion.
MANSFIELD, J., joins this dissent.

. See also Jasper v. H. Nizam, Inc., 764 N.W.2d 751, 764 (Iowa 2009) ("Regulations are required to be consistent with the underlying broader statutory enactment.”); Dunlap Care Ctr. v. Iowa Dep’t of Soc. Servs., 353 N.W.2d 389, 397 (Iowa 1984) ("Rules which contravene statutory provisions or exceed an agency’s statutory authority are invalid.”); Sorg v. Iowa Dep’t of Revenue, 269 N.W.2d 129, 131 (Iowa 1978) ("Adoption of administrative rules which are at variance with statutory provisions or which amend or nullify legislative intent exceeds the Department's authority.”).

. Iowa Code section 86.12 provides in relevant part:
The workers’ compensation commissioner may require any employer to supply the information required by section 86.10 or to file a report required by section 86.11 or 86.13 or by agency rule, by written demand sent to the employer's last known address. Upon failure to supply such information or file such report within thirty days, the employer may be ordered to appear and show cause why the employer should not be subject to assessment of one thousand dollars for each occurrence.