Kenneth W. LUNDY, Appellee,

v.

IOWA DEPARTMENT OF HUMAN SERVICES, Appellant.

No. 85–1174.

Supreme Court of Iowa.

June 18, 1986.

Thomas J. Miller, Atty. Gen., and Valencia Voyd McCown, Asst. Atty. Gen., for appellant.

Sarah Wenke, Ottumwa, for appellee.

SCHULTZ, Justice.

Kenneth W. Lundy traded for a new pickup truck and his food stamp benefits were subsequently terminated. The local office of the Iowa Department of Human Services determined the value of the new pickup caused his maximum allowable resources to exceed the $1500 per household limit. Lundy appealed through administrative proceedings claiming the value of the vehicle should be excluded from his resources because the vehicle was used for the transportation of a physically disabled person. The agency applied a federal regulation definition of "disability" to determine that Lundy was not disabled and, therefore, unable to obtain the exclusion. On judicial review the district court reversed, concluding the definition was inapplicable and ruled Lundy was a disabled person. We reverse.

During 1984 Lundy received food stamps for his four-member household. He and his wife owned two vehicles and each was valued at less than $4500. Under the food stamp program resource eligibility standards only the value of each vehicle that exceeds $4500 is included in resources of the household. See 7 C.F.R. § 273.8(A)(3). In December 1984, Lundy reported to the local department office that he had traded his used truck for a 1985 pickup valued at $8800. Since the value of the new pickup exceeded the vehicle limitation by $4300, this caused household resources to be greater than the $1500 maximum resource level. 7 C.F.R. § 273.8(b). The Lundys' food stamp benefits were cancelled in February 1985.

During the administrative appeal, Lundy claimed for the first time that he needed the new pickup because of his disability. He testified that he had recently been hospitalized due to back problems, degenerative spine disease and facet's disease. According to Lundy, his back problems were the main reason that he purchased the new truck. The new pickup has power steering, power brakes and an automatic transmission, all of which, according to Lundy, made it less painful for him to drive. His old pickup was not equipped with any of these options. Lundy testified that because of his health problems it was necessary for him to drive approximately 150 miles per week to see his doctor and to purchase medication.

The federal food stamp program was established by the Food Stamp Acts of 1964 and 1977. See 7 U.S.C. §§ 2011–29 (1982). The Secretary of Agriculture is authorized to formulate and administer the program, including issuing regulations, which has been done at 7 C.F.R. Parts 271–85. 7 U.S.C. § 2013. States are eligible to participate in the program provided they operate within the framework of the federal statute and regulations. 7 U.S.C. § 2020(a). Iowa has chosen to participate in the food stamp program and the state program is administered pursuant to Iowa Code sec-

tion 234.12.[1] The department of human services has adopted regulations to implement the program which are located at 498 Iowa Administrative Code chapter 65. There, the department has incorporated 7 C.F.R. Parts 270–82, as amended, through December 31, 1984, into the department regulations. 498 Iowa Admin.Code 65.3 (1984).

It is undisputed that if the value of the new pickup is included in his assets, Lundy's household would not be eligible to receive food stamps. The parties agree, however, the value of the vehicle would be excluded if the vehicle was necessary to transport a "physically disabled household member." *See* 7 C.F.R. § 273.8(h)(1)(vi) (1984).[2] Although the term "physically disabled household member" is not defined in the regulations, there is a definition of an "elderly or disabled member." 7 C.F.R. § 271.2.[3] It is undisputed the only possible applicable subsection under section 271.2 is 2, which defines a "disabled member" as an individual receiving social security disability benefits. *See* 7 C.F.R. § 271.2(2). How-

ever, Lundy does not meet these criteria because at the time of these administrative proceedings Lundy has filed for, but not yet received, social security disability benefits. The sole issue in this case then is whether the definition of an "elderly or disabled" member under section 271.2 is applicable in deciding whether Lundy qualifies as a "physically disabled household member" under section 273.8(h)(1)(vi).

The agency and the district court reached different conclusions regarding the applicability of section 271.2. In final agency action the department concluded that the section 271.2 definition of a "disabled member" was applicable in its determination that Lundy was not a "physically disabled household member" under section 271.8. On judicial review, the district court concluded the agency's application of the section 271.2 definition was an error of law. Based on the hearing officer's findings that the appellant had a serious spine disease, the district court then simply concluded, without further elaboration, that Lundy is

---

1. Iowa Code section 234.12 states:

   The department of human services is authorized to enter into such agreements with agencies of the federal government as are necessary in order to make available to the people of this state any federal food programs which may, under federal laws and regulations, be implemented in this state. Each such program shall be implemented in every county in the state, or in each county where implementation is permitted by federal laws and regulations.

2. Under section 273.8(h)(1)(vi) the value of a licensed vehicle is excluded as a resource if it is:

   Necessary to transport a physically disabled household member (or ineligible alien or disqualified person whose resources are being considered available to the household) regardless of the purpose of such transportation (limited to one vehicle for physically disabled household member). A vehicle shall be considered necessary for the transportation of a physically disabled household member if the vehicle is specially equipped to meet the specific needs of the disabled person or if the vehicle is a special type of vehicle that makes it possible to transport the disabled person. The vehicle need not have special equipment or be used primarily by or for the transportation of the physically disabled household member.

3. Section 271.2 defines an "elderly or disabled member" as:

   ... a member of a household who: (1) Is 60 years of age or older; (2) receives supplemental security income benefits under title XVI of the Social Security Act or disability or blindness payments under titles I, II, XIV, or XVI of the Social Security Act; (3) is a veteran with a service-connected disability rated or paid as total under title 38 of the United States Code or is considered in need of regular aid and attendance or permanently housebound under such title of the Code; (4) is a surviving spouse of a veteran and considered in need of aid and attendance or permanently housebound or a surviving child or a veteran and considered to be permanently incapable of self-support under title 38 of the United States Code; or (5) is a surviving spouse or child of a veteran and entitled to compensation for a service-connected death or pension benefits for a nonservice-connected death under title 38 of the United States Code *and* has a disability considered permanently under section 221(i) of the Social Security Act. *"Entitled"* as used in this definition refers to those veterans' surviving spouses and children who are receiving the compensation or benefits stated or have been approved for such payments, but are not receiving them.

a disabled person within the meaning of section 273.8(h)(1)(vi).

On appeal, the department urges that since it is charged with enforcement of the food stamp program this court should afford great deference to the agency's interpretation of the federal regulations. We agree that we give weight and deference to agency interpretations. *Schmitt v. Iowa Department of Social Services*, 263 N.W.2d 739, 745 (Iowa 1978). However, the meaning of a statute is always a matter of law, and final construction and interpretation is for the court. *Id.* In this case the administrative interpretation is made by a state agency examining a federal regulation. Consequently, we examine more closely the regulations and the agency's interpretation of these regulations.

In its decision the district court rejected the application of the section 271.2 definition of a "disabled member" reasoning that there was nothing in the regulation which states the definition "is also the definition for a physically disabled household member." We believe the court's assessment is too narrow. Initially, we point out that 7 C.F.R. § 271.1(b) [4] specifically provides that the definition found in Part 271, which includes section 271.2, is applicable to all parts of subchapter C that is entitled the Food Stamp and Distribution Program. The asset exclusion that Lundy relies upon is located at section 273.8, which is part of the same subchapter. It is clear the section 271.2 definitions are applicable to all regulations in the food stamp and distribution program.

Additionally, the only difference in language between the section 271.2 definition and the section 273.8 exclusion is the adverb "physically" in the exclusion. Section 271.2 defines a "disabled member," which encompasses both physically and mentally disabled persons, and also defines an "elderly member." We find nothing in this definition to indicate an intent that it not be applied to whether a person is a "physically disabled household member" under section 273.8.

Finally, we believe the agency's determination is a reasonable and fair interpretation of the statute. 7 C.F.R. Parts 270–82 were promulgated pursuant to 7 U.S.C. § 2013(c). The resource limitation requirements are explained in 7 U.S.C. § 2014(a) which states:

> Participation in the food stamp program shall be limited to those households whose incomes and other financial resources, held singly or in joint ownership, are determined to be a substantial limiting factor in permitting them to obtain a more nutritious diet. Assistance under this program shall be furnished to all eligible households who make application for such participation.

*See also* 7 C.R.F. § 273.9(a) (1984) (detailing similar language). The food stamp program is designed primarily to assist those households who do not have the adequate resources to obtain a nutritious diet. The federal regulations are designed to, among other things, exclude those applicants who have adequate resources to obtain food. The Department of Agriculture not only has the authority to promulgate these regulations, but also to provide exceptions to the regulations and to define the terms used in the exceptions. We believe applying the section 271.2 definition to the section 273.8 exclusion is consistent with the goals of the food stamp program.

In conclusion, we find no error in the agency's application of the definition of an "elderly or disabled member" to determine whether Lundy qualifies as a "physically disabled household member."

REVERSED.

All Justices concur except WOLLE, J., who takes no part.

---

4. Section 271.1(b) provides in pertinent part:
   *Scope of regulations.* Part 271 contains general information, definitions, and other material applicable to *all parts of this subchapter.* Part 272 sets forth policies and procedures governing State agencies which participate in the program. Part 273 describes the eligibility criteria to be applied by State agencies and related processing requirements and standards. . . .
   (Emphasis added.)